E. & G. HASTINGS, Appellants, *vs.* MYERS' ADMINISTRATOR, Respondent.

1. The right of a widow to two hundred dollars' worth of property under sections 30, 31 and 32, of article 2, of the administration law of 1845, (see R. S. 1845, p. 77,) is absolute and vests immediately upon the death of her husband; and in case the personal property belonging to the estate of the husband is converted into money, and the widow dies without receiving her portion of $200, her administrator will be entitled to receive such money, against creditors of her husband's estate.

2. Where, in such a case, there has been no administration upon the widow's estate, it would be error to order the money to be paid to the children of such widow, as her representatives, or to their guardian for them. The widow's estate should be distributed through her administrator.

*Appeal from Lincoln Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*T. R. Cornick, W. Porter* and *W. M. Cooke,* for appellants.   I. The 30th, 31st, and 32d sections of article 2 of the administration law of 1845, do not vest an absolute property in the widow, but only a right of election ; and if she dies without electing what property to take, and without applying to the county court and having the same allowed her, no title passes to her legal representatives.   II. If, however, the widow's right was absolute, it did not descend directly to her heirs, but can only be claimed by her administrator.   (8 Mo. Rep. 437.)

*Hunt* and *Wheeler,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

Jacob Myers died leaving a widow, Margaret Myers, who died leaving children before she had received from her husband's estate the sum of two hundred dollars in property, as a part of her dower, allowed by the administration law.   Barnet Myers, the administrator of Jacob Myers, on a settlement with the county court, showed that there was in his hands the sum of $195 08.   The appellants being creditors of the estate of Jacob Myers, claimed this sum.   The children of Margaret Myers, the widow of Jacob Myers, likewise claimed it as the heirs of their mother, it being due their mother's estate as part of her dower in the estate of her deceased husband.

The county court ordered this money to remain in the hands of the administrator for the payment of debts.   From this judgment an appeal was taken to the Circuit Court, where the judgment of the county court was reversed, and the money ordered to be paid to the children of the widow.   From this judgment, an appeal was taken to this court.

1. By the common law, the widow's dower, consisting of a life estate in the lands whereof her husband was seized during the coverture, if her dower was not assigned before her death,

it could not be done afterwards, as her estate was then determined. But courts of equity, notwithstanding her death, would entertain a bill in favor of her representatives, for the rents and profits received in the interval, between her death and that of her husband. As to the personalty, we see no difference between the interest of a widow, in her deceased husband's estate, and that of any one of his distributees. If a child dies after his parent, and before a distribution of his estate, his portion will be distributed among his heirs. By the dower law, the wife's right to dower vests immediately upon the death of the husband, both as to realty and personalty. The two hundred dollars' worth of property allowed the widow by the 30th section of the 2d article of the administration law, is a part of her dower, expressly made so, and it is exempted from the payment of debts of the deceased; and if it should so happen that the widow does not receive the property, money is ordered to be paid in lieu of it. As the property allowed the widow cannot always be assigned to her, without more or less delay, it would impair her credit, when she might most need it, if it should be held that her right to dower depended on her obtaining actual possession of it during her lifetime.

As to the argument that no property vested until an election by the widow of what she would take, it must be remembered that the common law gave dower, not for the sustenance of the widow alone, but for the nurture and education of 'her children. The sections referred to, contained in the administration law, did not intend to make the right to the property thereby conferred dependent on an election, but gave the right absolutely, with the privilege of taking what she chose. This is apparent from the 32d section, which allows the widow money when the property has been sold, which is just this case.

2. As it was not regular to distribute the mother's estate but through her administrator, as she may have owed debts, and as it does not appear that any administration has been taken out on her estate, the money will be retained by Barnet Myers, administrator of Jacob Myers, until an administrator is appointed

for Margaret Myers' estate, who will be entitled to the money in controversy.

The other judges concurring, the judgment will be reversed, and the cause remanded, to be proceeded in, in conformity to this opinion.