IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

JANUARY TERM, 1857, AT JEFFERSON CITY.

---

McFARLAND & WIFE, Respondents, v. BAZE'S ADMINISTRATOR, Appellant.

1. The right of a widow to $200 worth of personal property under section 30 of article 2 of the administration act, (R. C. 1845, p. 77,) will pass by a deed of such widow relinquishing to the administrator of her deceased husband's estate all her "right, title and interest of *dower* in said estate;" and that without reference to the question whether there is or is not a consideration for the assignment.

### *Appeal from Barry Circuit Court.*

This was an application by Wm. McFarland and wife originally to the county court of Barry county, (whence an appeal was taken to the Circuit Court,) for an order upon the administrator of one J. H. Baze's estate, requiring him to pay over to plaintiffs $225, the proceeds of the sale by said administrator of personal property belonging absolutely to the widow of

defendant's intestate, who had since intermarried with plaintiff McFarland, and who joined with her husband McFarland in this suit. The bill of exceptions states that the defendant, "after laying the proper foundation," offered in evidence the following instrument, executed by the widow of Baze, defendant's intestate, before her intermarriage with McFarland : " State of Missouri, county of Barry. Know all men by these presents, that I, Elizabeth Baze, widow and relict of Jesse H. Baze, deceased, late of Barry county, do by these presents relinquish all my right, title and interest of dower in said estate, and make over the same to John Baze, administrator of said estate, in order that the same may be applied to the payment of the debts of the deceased, and for the benefit of the minor heirs of said deceased. In testimony whereof, I have hereunto set my hand and seal this 8th day of August, 1854. [Signed] Elizabeth Baze. (Seal.)"

The refusal to permit said instrument to be read in evidence constitutes the error complained of.

*T. P. Wright*, for appellant.

*W. Horne*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The two hundred dollars worth of a deceased husband's personal property, which is allowed to the widow by the 30th section of the administration law, is expressly spoken of in the statute as part of her dower in his estate, and vests in her immediately upon her husband's death, discharged of the lien of the debts. (Hastings v. Myers, 21 Mo. 519.) This property was therefore within the very words of the deed of assignment, and passed thereby to the administrator upon the trusts there declared, unless there be some other objection to the efficacy of the transfer besides the sufficiency of the description to embrace it.

It has been suggested that this interest was a mere right in action, and therefore incapable of being legally transferred,

11—VOL. XXIV.

and that the assignment being voluntary, was for that reason unavailing in equity; in other words, that the assignment was an *imperfect gift*, and could not be aided by a court of equity. It is unnecessary to go through the numerous and somewhat contradictory cases upon the subject of imperfect gifts. I had occasion to look into the progress of English equity on this subject in the case of Henderson's administrator against Henderson, (21 Mo. 379,) and the result finally arrived at and settled in Bogh against Hughes, (23 Eng. Law and Eq. Rep. 271,) by the court of chancery, in 1854, was that a *voluntary* assignment by deed of a reversionary interest in stock, standing in the name of trustees, accompanied with notice to the trustees, was a valid disposition in equity of the fund—the court declaring that "by force of the deed of assignment, the equitable right was transferred; that the transaction was completed by the execution of the deed, and that no valuable consideration was necessary to support the assignment." This, it is seen, was not an assignment of a legal chose in action, as is the present transaction; but there is no distinction in reason between the two classes of cases in reference to the present question, and none, it is believed, has ever been made in the previous cases; and we suppose it may now be considered as settled in the English equity law, that an absolute assignment by deed of a chose in action, either legal or equitable, of which notice has been given to the debtor or trustee, is a valid disposition of it in equity, without any reference to the consideration.

We are not aware that this doctrine has yet been expressly recognized in any American cases, but it is so reasonable in itself, so convenient to the owners of this species of property, and so entirely free from any objection on the score of any public policy, that we may safely follow the English precedent and hold an assignment by deed valid in equity, without requiring a valuable consideration to uphold it. The judgment must therefore be reversed, and the cause remanded; and upon a new trial, if there be any valid objection to the assignment, the party will have an opportunity of making it.

From the course of argument before us, we suppose the deed of assignment was rejected upon the idea that the property in controversy was not a dower interest within the meaning of the deed. But however this may have been, we think the statement in the bill of exceptions that the party, "after laying a proper foundation," offered in evidence the deed, &c., sufficiently shows that due proof of its execution had been made, and that it was not rejected on that ground ; and we are not disposed to listen very indulgently to mere formal objections of this character, that in no way touch the real merits of the case.

The judgment is reversed, and the cause remanded ; Judge Ryland concurring.