HENRY MAHONEY, Appellant, v. MOLLIE NEVINS et al.

Division Two, July 3, 1905.

1. **WIDOW'S PORTION: No Administration: Equitable Estate: Contribution.** The widow has an equitable estate in the personal property left by her deceased husband in her possession, if its value does not exceed $400; and where all his personal estate amounts to less than that sum, and there has been no administration upon decedent's estate, and no order of the probate court declaring no administration was necessary, and she has used a part of it to pay off a mortgage on the homestead created by decedent, she can in equity compel the heirs thereto to contribute to her their share of the money by her paid on the debt.

2. ———: ———: ———: ———: **Crops: Subrogation.** The widow is likewise entitled to the crops growing on her deceased husband's homestead at the time of his death, and if she uses

the proceeds thereof in buying up a mortgage thereon she is subrogated to the rights of the mortgagee and the purchase inures to her benefit so far as to keep the encumbrance alive against decedent's heirs, and to compel them to make contribution to her of their share of the money advanced by her in purchasing the mortgage.

Appeal from Carroll Circuit Court.—*Hon. Jno. P. Butler,* Judge.

A<span>FFIRMED.</span>

*Lozier & Morris* and *S. J. Jones* for appellant.

(1) It is the well-settled law of this State that one tenant in common cannot purchase an outstanding title or encumbrance and thereby acquire title to the whole against his cotenants. The purchase of such outstanding title by one tenant in common will be deemed to have been made for the benefit of all the cotenants. Therefore, the act of Mollie Nevins in purchasing from Siegel the encumbrance against the land in controversy will be held to inure to the benefit of her cotenants. Jones v. Stanton, 11 Mo. 333; Picot v. Page, 26 Mo. 399; Hickman v. Link, 97 Mo. 482; Hinters v. Hinters, 114 Mo. 26. (2) No letters of administration having been granted on the estate of Patrick Mahoney, deceased, and no order having been made by the probate court refusing to grant letters of administration upon his estate, upon the grounds that the personal estate of said Patrick Mahoney, deceased, did not amount in quantity and value to more than that allowed by law to the widow, his personal property became the joint and common property of his heirs, and if the same was sold and used in payment of the deed of trust held by Siegel, then it inured to the benefit of his heirs. R. S. 1899, sec. 2; Adey v. Adey, 58 Mo. App. 408; Becraft v. Lewis, 41 Mo. App. 546; State ex rel. v. Moore, 18 Mo. App. 406; Griswold v. Mattix, 21 Mo. App. 282; Hastings v. Meyers, 21 Mo. 519; McMillan v. Wacker, 57 Mo. App. 220;

Smith v. Denny, 37 Mo. 20. (3) It is only through the probate court that she could obtain title to the same. The probate court possesses exclusive and original jurisdiction to determine the value of the personal property to which a widow is entitled and to adjudge and set the same off to her. The circuit court can obtain jurisdiction of such questions only on appeal from the probate court. The question as to whether or not a widow is entitled to an appropriation of four hundred dollars in personalty cannot be raised for the first time and adjudicated by the circuit court. R. S. 1899, sec. 2; Adey v. Adey, 58 Mo. App. 408; Griswold v. Mattix, 21 Mo. App. 282; McMillan v. Wacker, 57 Mo. App. 220; Hellman v. Wellenkamp, 71 Mo. 107. (4) In no event under the facts in this case would Catherine Mahoney, the widow, be entitled to the growing crop of wheat, under sections 2 and 107 of the Administration Act. Dower had not been assigned to her in her husband's estate, hence under the laws of this State, the growing crops would pass to the administrator and not to the widow, and as there was no administration, and the money derived from the sale of the crop of wheat having been applied to the payment of the deed of trust on the land, it inured to the benefit of the heirs, and they should not be called upon to make contribution to a fund which in law belonged to them. Whaley v. Whaley, 51 Mo. 36; Morris v. Thompson, 51 Mo. 160; Woerner on Administration, sec. 185.

*Conkling & Rea* for respondents.

(1) The purchase of an outstanding title by one tenant in common will be deemed to have been made for the benefit of all the cotenants, unless the cotenants had agreed that the outstanding title should be bought by one of their number and held absolutely, to the exclusion of the other cotenants. But if one cotenant did buy an outstanding title, without such an agreement,

then the other cotenants are bound to contribute their respective proportions of the consideration paid for the outstanding title or incumbrance. Dillinger v. Kelley, 84 Mo. 561; Allen v. DeGroodt, 105 Mo. 442; Hinters v. Hinters, 114 Mo. 26; Cockrill v. Hutchinson, 135 Mo. 67. (2) The legal title to personal property of an intestate decedent passes to the administrator, but the equitable title descends to the heirs or legatees who are entitled to distribution. Richardson v. Cole, 160 Mo. 372; McCraken v. McCaslin, 50 Mo. App. 85. (3) (a) Upon the death of Patrick Mahoney the widow was entitled absolutely to $400 worth of personal property, and the equitable title vested in her upon such death. Secs. 107, 108, R. S. 1889; Hastings v. Myers, 21 Mo. 519; Comerford v. Coulter, 82 Mo. App. 362. (b) The legal title to the $400 is in the administrator, but the equitable title is in the parties entitled to distribution. Richardson v. Cole, 160 Mo. 372; McDowell v. Orphans' School, 87 Mo. App. 386. (4) (a) The premises sued for constituted the homestead of Patrick Mahoney and upon his death the homestead rights vested in the widow; and (b) she is entitled to all rents, issues and profits arising therefrom during the homestead period. (a) Sec. 5439, R. S. 1889; West v. McMullen, 112 Mo. 405; Hufschmidt v. Gross, 112 Mo. 649; Phillips v. Presson, 172 Mo. 24; Elstroth v. Young, 83 Mo. App. 253; State ex rel. v. Hull, 99 Mo. App. 703. (b) Orrick v. Robbins, Adm., 34 Mo. 226; Roberts v. Nelson, 86 Mo. 21; Agan v. Shannon, 103 Mo. 661; Gentry v. Gentry, 122 Mo. 202; Harold v. Orf, Admr., 8 Mo. App. 574; Tincher v. Phillips, 37 Mo. App. 621; Bealey v. Blake, Adm., 70 Mo. App. 229; Lyons v. Lyons, Admr., 101 Mo. App. 494.

GANTT, J.—This is an appeal from a decree in equity by the circuit court of Carroll county, setting aside a trust deed to the homestead of Patrick Mahoney, deceased, and adjudging contribution by the plaintiff

and the other heirs of Patrick Mahoney to defendant, Catherine Mahoney, on the ground that the said deed of trust and note secured thereby were acquired by said Mollie Nevins as a tenant in common with plaintiff and the other heirs of Patrick Mahoney to the exclusion of plaintiff and said heirs.

Patrick Mahoney and defendant, Catherine Mahoney, his wife, on the 15th of December, 1890, executed to Gus Siegel a deed of trust to secure payment of a note for $360, bearing interest at eight per cent per annum, on 45.96 acres off of the south half of the southwest quarter of section 18, township 55, range 21, Carroll county, Missouri, which land was worth about $1300, and at that time was the *homestead* of said Patrick Mahoney. On the —— day of February, 1891, while the deed of trust was still a lien on the land, Patrick Mahoney died intestate, leaving no other debts, still owning and residing on this land as his homestead. He left surviving him his widow, Catherine Mahoney, who was entitled to a homestead in the land; Henry Mahoney, a son; the defendant, Mollie Nevins, a daughter; and Cora, Mary, William and Jesse Rinehart, grandchildren, being the children and sole heirs in law of a deceased daughter named Kate Rinehart. Catherine Mahoney, the widow, was entitled to use and occupy all the premises, upon the death of her husband, as her homestead and she was also entitled, by reason thereof, to all rents, issues and profits arising therefrom. Catherine Mahoney was the mother of Henry Mahoney and Mollie Nevins, and the grandmother of the Rinehart children, and continually resided on the homestead until shortly before the suit.

Patrick Mahoney at his death owned personal property, consisting of a team of horses, five cows, twelve hogs, some grain and hay and farm machinery, worth less than $300. The twelve hogs were soon sold by the widow and delivered by Henry Mahoney, the

son, and all the money arising therefrom used to pay the funeral expenses.

At the time of Patrick Mahoney's death, there was also growing on this homestead a crop of wheat which was afterwards harvested and sold by his widow for $238 gross. Henry Mahoney hauled this wheat to market at the request of his mother and she paid him for his work.

No letters of administration were ever granted on the estate of Patrick Mahoney by the probate court of Carroll county, nor was there any order or judgment of said court refusing to grant letters of administration upon the ground that the personal assets of the estate were less in quantity and value than allowed the widow by law, but the evidence conclusively shows that in reality the value of the personal property would not exceed the amount allowed the widow by law.

This is a suit in equity growing out of the deed of trust and note executed by Patrick Mahoney to said Gus Siegel. In December, 1891, Catherine Mahoney furnished Mollie Nevins with $295 with which to buy said note, which at that time amounted to $388, Mollie Nevins furnishing the balance of the money to buy the note. The portion of the money paid of Catherine Mahoney for the note was derived by her from the sale of the wheat and personal property left by her husband. The note was assigned to Mollie Nevins who, on the 13th of November, 1900, had the deed of trust securing the same foreclosed in accordance with the terms and conditions thereof. At such foreclosure a life estate was conveyed to Catherine Mahoney and the remainder in fee to Mollie Nevins; whereupon the plaintiff instituted this suit to cancel the deed of trust, in which suit Mollie Nevins, Catherine Mahoney and the Rinehart children were all made defendants.

The amended answer of defendants Mollie Nevins and Catherine Mahoney states that the purchase of said note ''was made with the full knowledge and consent of

plaintiff and not in fraud or prejudice of his rights, and that for a period of almost ten years, although knowing said facts, he failed and neglected to make any objection thereto or to make any contribution on his part on account of the purchase of said incumbrance," and "if the court should find that plaintiff and the other defendants herein are yet entitled to make contribution on account of the amount paid by these defendants for said incumbrance, then these defendants pray that judgment may be rendered in their favor or in favor of defendant Catherine Mahoney against the other parties herein for the amount which may be found due from them in contribution on account of the purchase of said incumbrance and for all other and further relief that may be just and equitable."

The trial court found that the purchase by Mollie Nevins was not in fact a purchase but a payment of the Siegel note, and that Henry Mahoney, the Rinehart children and Mollie Nevins should contribute to Catherine Mahoney their respective proportions of the consideration paid for the note. The court found that the personal property which Patrick Mahoney left at the time of his death did not amount to more than that allowed the widow by law and that in equity she was entitled to all of it. The note, at the time of the suit, amounted to $465.45, and the court found that Henry Mahoney should pay his mother $155.15, that the Rinehart children should pay the same amount, and that Mollie Nevins should pay $12, from which judgment the plaintiff has appealed.

I. There is practically but one question left in this appeal. The circuit court found, and the evidence abundantly supports its decree, that the purchase of the Patrick Mahoney note by Mrs. Nevins was a payment thereof by two of the cotenants, and that one cotenant could not buy in an outstanding incumbrance on the joint property and thereby acquire title against her

cotenants.  Respondents concede this statement of the law, but assert that if one cotenant does buy in an outstanding title or incumbrance without any express agreement then the other cotenants are bound in equity to contribute their respective proportions of the consideration paid for such outstanding incumbrance or title, and of this there can be no question.  [Cockrill v. Hutchinson, 135 Mo. 67; Dillinger v. Kelley, 84 Mo. 561; Allen v. De Groodt, 105 Mo. 442.]

So that the contention is narrowed down to the question whether Mrs. Mahoney's contribution to the payment of the deed of trust was with her own means or with moneys belonging to the heirs of her deceased husband.  There is no dispute as to the facts.  At his death Patrick Mahoney left less than $300 worth of personal property, and the homestead on which he resided.  No administration was had in his estate and he owed no debts except the one secured by the deed of trust on his homestead.  Mrs. Mahoney sold a portion of the personal property and out of the proceeds paid the funeral expenses.

Th contention now is that because there was no administration Mrs. Mahoney had no title to the personal estate left by her husband, though it was in her possession as his widow and was less than the amount to which she was absolutely entitled at the time.  [Secs. 107, 108, R. S. 1889.]  That the widow was in view of the amount of personal property left by her husband absolutely entitled to all of it, there can be no doubt whatever.

This provision of our administration law was construed in Hastings v. Myer's Admr., 21 Mo. 519.  In that case Jacob Myers died leaving a widow, Margaret Myers, who died leaving children before she had received from her husband's estate the sum of two hundred dollars in property as a part of her dower allowed by the administration law.  The administrator on a settlement showed he had $195.08 in his hands.  The credi-

tors claimed this sum, but her children demanded it. The county court adjudged it should be applied to the debts and the children appealed. Judge Scott, for this court, held the widow was entitled to the fund to the exclusion of creditors, but that it should be paid to her administrator. In McFarland v. Baze's Admr., 24 Mo. 156, Judge Leonard held that the $200 of personal property allowed as a part of her dower, vested in the widow immediately upon her husband's death, discharged of the lien of the debts and would pass by her assignment of dower.

In Cummings v. Cummings, 51 Mo. 261, it was held the $400 to which the widow is entitled is hers absolutely; is a part of her dower and does not depend on her election. [Comerford v. Coulter, 82 Mo. App. 362.]

Conceding that regularly the legal title to this personal property left by Patrick Mahoney and less than $400 in value would have been in his administrator had one been appointed, it is clear that the equitable title thereto was in his widow and a court of equity would not go through the formula of enforcing an administrator's mere naked legal right that he might uselessly distribute it to her. [Richardson v. Cole, 160 Mo. 372.]

She had this property in possession and of her own accord devoted a portion of it to the funeral expenses, and we have no hesitancy in this equitable proceeding by the heirs in holding she had the equitable title thereto as against them, and when she devoted it to the relief of their homestead she was entitled to exoneration and contribution from them before they could share in the estate which her payment relieved from the incumbrance thereon. The decision in Adey v. Adey, 58 Mo. App. 408, and McMillan v. Wacker, 57 Mo. App. 220, were both replevin suits in which the legal title only was involved, and in no manner conflict with the conclusion we have reached in this case which is a suit in equity and the equitable title to the absolute property in possession of the widow is involved.

II. The next inquiry is as to the widow's right to the growing wheat crop on the homestead at the time of her husband's death. It is conceded it was growing on the homestead at the time of her husband's death and was afterwards harvested by her and sold for $238. There were no minor children of the deceased Patrick Mahoney at the date of his death. Consequently the widow was entitled to the exclusive possession of the homestead. It is obvious that the homestead was the superior right and the assignment of dower has no place in the determination of the question as to the ownership of the growing wheat. As the owner of the homestead, Mrs. Catherine Mahoney was entitled to all the rents, issues and products during the existence of her homestead estate and consequently to the wheat growing thereon. [Ailey v. Burnett, 134 Mo. 321; Gentry v. Gentry, 122 Mo. 202.] By the purchase of the mortgage debt Mrs. Mahoney was subrogated to the rights of the mortgagee and the purchase inured to her benefit so far as to keep the incumbrance alive against the plaintiff and the other heirs in remainder.

The foregoing were the grounds upon which the circuit court based its decree and we concur in the view taken by our learned brother on the circuit, and accordingly the decree is in all things affirmed.

All concur.