ELVIRA MARTIN, Respondent, v. ARTHUR E. JONES, Executor, Appellant.

St. Louis Court of Appeals, February 21, 1911.

1. DOWER: Personal Property: Existence of Descendants Essential. Under section 349, Revised Statutes 1909, the widow of a deceased husband, who left neither a child nor other descendants, possesses no right of dower in his personal estate.

2. ———: Nature of Widow's Allowance: Executors and Administrators. Bounties allowed the widow out of the estate of her deceased husband by sections 114, 115, 116, 117, Revised Statutes 1909 are not a part of the widow's dower, as they belong to her absolutely, and not merely for life.

3. ———: Election to Take One-half of Property: Widow's Allowance: Executors and Administrators. Where a widow, whose husband died testate but without a child or other descendant, after renouncing the will, elected, in accordance with section 353, Revised Statutes 1909, to take, in lieu of dower, under the direct provisions of section 351, Revised Statutes 1909, one-half of the real and personal estate belonging to her husband absolutely, subject to the payment of his debts, she was entitled, under sections 116, 117, Revised Statutes 1909, to choose personal property of her husband's estate, not exceeding $400, to be hers absolutely and not subject to the husband's debts.

Appeal from Shelby Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Harry J. Libby* for appellant.

(1) The general principal of election rests upon the obligation imposed upon a party to choose between two inconsistent and alternate rights or claims, where there is a clear intention on the part of the person or statute creating them that the taker should not enjoy both. It is an extension of the law of equitable estoppel. Graham v. Roseburg, 47 Mo. 111; Ball v. Ball, 165 Mo. 327; Fox v. Windes, 127 Mo. 512; 2 Story's Eq. Juris. (13 Ed.), sec. 1080; 2 Herman on Estoppel and Res Adjudicata, sec. 1028, p. 1156. (2) The widow having elected under the provisions of sec. 2939, chapter 21, to take in lieu of the provisions of the will, and of dower proper, must take the estate and interest thereby created for her, subject to all its inconveniences and burdened with all its burdens. Fox v. Windes, 127 Mo. 512; Ellis v. Ellis, 119 Mo. App. 63; Chinn v. Stout, 10 Mo. 709. (3) The statutes, sections 107 and 108 and section 2939, are *in pari materia,* and must be considered and construed together. Sutherland Stat. Const., secs. 283-4; Looney v. Browning, 112 Mo. App. 670; Westerman v. K. of P., 196 Mo. 670; State ex rel. Brown

Martin v. Jones.

v. Klien, 116 Mo. 259; Andrew Co. ex rel. v. Schell, 135 Mo., 31; Springfield v. Starkie, 93 Mo. App. 70; St. Louis v. Howard, 119 Mo. 41. (4) The widow of a childless testator who renounces the provisions of her husband's will and elects in lieu thereof to be endowed under the provisions of sec. 2939, R. S. 1899, of one-half the real and personal property of which her husband died seized, subject to the payment of his debts, waives her present right to the $400 of personalty allowed under sec. 107, article V, chapter 1, R. S. 1899, and becomes as to such an ordinary distributee. Sec. 2939, R. S. 1899; Chinn v. Stout, 10 Mo. 709; Griffith v. Canning, 54 Mo. 284; Kelley on Probate Law, sec. 424.

*V. L. Drain* for respondent.

(1) The claim of respondent is not a demand within the meaning of the Administration Statute. Hence the court did not err in awarding a "full judgment." Bryant v. McCune, 49 Mo. 546; In re Alrici's Estatt, 122 S. W. Rep. 761; Bramwell v. Adams, 146 Mo. 70. (2) The absolute property which the statute awards the widow vests at the death of the husband. It is not subject to the claims of creditors or the rights of distributees. The claimant in this case is clearly entitled to it. Secs. 105-108, R. S. 1899; Register v. Henly, 70 Mo. 195; Steers v. Taylor, 72 Mo. 656; Comerford v. Coulter, 82 Mo. App. 363; Glenn v. Gunn, 88 Mo. App. 423; Ellis v. Ellis, 119 Mo. App. 63. The right to it is not affected by the election of the widow. In fact the election of a childless widow does not apply to the personal estate at all. Bryant v. Christian Adm'r, 58 Mo. 98; Glenn v. Gunn, 88 Mo. App. 423; Brown v. Tucker's Estate, 117 S. W. 96; Waters v. Herboth, 178 Mo. 166.

NORTONI, J.—This is a proceeding for the widow's $400 allowance out of the personal estate of her deceased husband. The finding and judgment were for plaintiff and defendant prosecutes the appeal.

The controversy originated in the probate court of Shelby county, but thereafter found its way into the circuit court by appeal. Plaintiff is the widow of William Parker Martin, deceased, who departed this life testate, without a child or other descendents in Shelby county, about 1909, and defendant is the executor of the estate of her deceased husband under appointment in the will. It appears deceased left an estate of about $26,000, which he disposed of by will, but there is nothing therein suggesting that plaintiff should not be entitled to the widow's absolute allowance under the statute, even though she accepted its terms. Plaintiff renounced the will immediately after its probate, by filing her declaration in writing duly executed and in proper form in the proper offices, in accordance with the statute. As her husband died without a child or other descendant living, plaintiff, after renouncing the will, elected, in accordance with section 353, Revised Statutes 1909, to take in lieu of her dower, discharged of debts, one-half of the real and personal estate belonging to her husband at the time of his death, absolutely, subject to the payment of the husband's debts, under the provisions of section 351, Revised Statutes 1909. Her election so made is manifested by a declaration in writing acknowledged and duly filed, etc., in all respects in conformity to section 355, Revised Statutes 1909. The election so made and manifested in writing was consummated about eight months after letters testamentary were granted to defendant, executor, under the will. Immediately thereafter, plaintiff asserted her right under the statutes. [Secs. 116, 117, R. S. 1909] to choose personal property of her deceased husband's estate as hers absolutely, not to exceed $400; and she made her claim thereto before such property had been distributed or sold, but defendant executor refused to accede to the demand on him, for the reason it was premature. Defendant executor asserted that by renouncing the will and electing to take one-half of her deceased husband's estate subject to the payment of

debts, plaintiff's right to her absolute allowance became conditioned upon the fact that all debts were paid and and therefore postponed her to the status of an ordinary distributee of the estate. It appears that, though the estate inventoried about $26,000, only $20,000 of the amount was solvent, and demands to the amount of $6000 had been allowed against it in the probate court at the time plaintiff elected to take one-half of the real and personal property subject to debts. Furthermore, in addition to the demands thus allowed, a suit had been filed in the circuit court of Shelby county against the decedent's estate asserting a demand to the extent of $17,500. In view of these facts, the question as to whether or not plaintiff had a present right to the $400 allowance as absolute property or whether she was postponed in the circumstances of the case to the status of an ordinary distributee after the payment of debts became material and affords the subject of an earnest controversy.

It should be said that the court is profoundly grateful to counsel on either side for the diligent and painstaking manner in which they have briefed and argued the case, for both the main question and the sidelights thereon have been greatly elucidated by competent and discriminating lawyers, with a degree of accuracy and precision that is commendable. As a result of these efforts, we have read many authorities, and ascertain that, though there is conflict in the cases, the rule of decision seems entirely clear on the statutes.

The precise question presented for decision here was considered by our Supreme Court in Griffith v. Canning, 54 Mo. 282, in which the position assumed by defendant executor was sustained and that case does not appear to have been expressly overruled. All of the material features of the present controversy are indentical with those involved in that case, and whatever may be our view of the law on the subject, it would be the duty of the court to determine this controversy in accord with

the decision of the Supreme Court there given, were it
not for the fact that subsequent decisions of that trib-
unal have totally repudiated and overturned its doctrine.
In that case, the widow of a childless husband, after
having renounced the will, as here, elected under the
statutes (so far as material, identical with those now
in force) to take one-half of the husband's real and per-
sonal property subject to debts, in lieu of the dower
right which otherwise obtained in her favor as to lands,
and thereafter asserted her claim as well to the $400 al-
lowance out of the personal property, as here. On
these facts, the Supreme Court denied the right of the
widow as then present to the $400 allowance and said
by her election she became as to the personalty only an
ordinary distributee. The court declared the effect of
the election to take one-half of the husband's real and
personal property totally changed the attitude of the
widow toward her husband's estate, and said that if no
election had been made her present right to the absolute
allowance of $400 would be clear, as such right to $400
was parcel of her dower, but by the election, the widow
voluntarily released all dower rights and assumed the
position as to the personal property of an ordinary
distributee after the payment of debts. It is obvious the
court predicated its judgment in that case upon the
proposition that the $400 absolute allowance to the
widow under the statutes was parcel of her dower and
that as such it was both required to be and was released
perforce of the statute (now sec. 353, R. S. 1909) pro-
viding for an election between dower and one-half of the
entire estate. In that case, the court omitted to notice
that by the express terms of the statute authorizing the
widow's election in such circumstances she is required
only to elect between dower provided for in section 345,
which pertains to one-third part of the lands whereof
her husband died seized, discharged of debts, or the
provisions of section 351, which affords her the right to
one-half of the deceased husband's real and personal

property subject to debts, and requires no election whatever with respect to bounties allowed the widow as her absolute property under sections 114, 115, 116, 117, Revised Statutes 1909. In all material respects, the statutes then in force and cited in Griffiths v. Canning are the same as those above cited which now prevail. Though section 117, Revised Statutes 1909, which was the same then as now, does provide the widow's allowance not to exceed $400 shall be deducted from her dower in the personal estate, if any, the provision is without influence in the circumstances of a widow of a childless husband without other descendants, for, as such, no dower in the personal estate of the husband exists. Our present statute (sec. 349, R. S. 1909) which was as to the widow identical when Griffith v. Canning was decided, as appears by reference to section 4, chapter 47, Wagner's Statutes 1872, confers dower on the widow in the personal estate only on condition that the husband die leaving a child or children or other descendants, in which event she is endowed equal to the portion of a child. This being true, it is clear that the widow of a deceased husband who left neither a child nor other descendant is possessed of no dower right in the personal estate to forego by an election or otherwise. The fundamental error in Griffith v. Canning is obvious, for besides assuming that an election between the dower right in real estate and the one-half of both real and personal property included an election to release dower in personalty as well, the court assumed furthermore that the widow of one who left neither child nor other descendants was entitled to dower in the deceased husband's personal estate and being so entitled released it, and this proposition is untrue. Moreover such bounties allowed under the statute (secs. 114, 115, 116, 117, R. S. 1909) to the widow are no part of her dower proper, though they do in some respects resemble it, for she has an absolute property in them and not a life estate. [Bryant v. McCune, 49 Mo. 546; Glenn v. Gunn, 88 Mo. App.

423; Ellis v. Ellis, 119 Mo. App. 63, 96 S. W. 260.] In this view, essentially, the Supreme Court receded from the fundamental proposition involved in Griffith v. Canning, as appears by the more recent case of State ex rel. Steers v. Taylor, 72 Mo. 656, though no reasoning is given, for in that case it is declared the widow of a childless husband is entitled to take such statutory allowances, this too, whether she elects to take her dower or the one-half of her deceased husband's estate under the statute heretofore referred to. It is to be noted of this case that the opinion was prepared by the same judge who wrote Griffith v. Canning; this, too, when that case alone was cited in the briefs in support of the contrary doctrine. The principle of the two adjudications reflect a fundamental variance which may not be reconciled, and it would have relieved us of much labor had the first decision been expressly overruled, as it should have been, instead of by process *sub silentio*. Besides this authority which entirely repels the idea that the widow, by electing to take one-half of the estate, postponed her claim to the statutory allowance to that of a distributee after the debts are paid, the more recent case of Waters v. Herboth, 178 Mo. 166, 77 S. W. 305, declares the purpose of sections 115, 116, 117, Revised Statutes 1909 is to give the articles mentioned and the rights thereto to the widow immediately and that her right attaches at once upon the death of her husband. The court declares in that case that the articles and rights contemplated by those sections are to form no part of the estate either for the creditors or the distributees and furthermore that the rights of the widow immediately dissever such articles from the corpus of the estate. It is said, too, those sections of the statute and the rights of the widow thereunder are not to be considered in any manner in connection with section 351, which confers upon her the right to one-half of the deceased husband's real and personal property subject

155 App.—32

to the payment of debts, provided he dies without children or other descendants. From these more recent decisions of the Supreme Court, it is obvious that the doctrine of Griffith v. Canning, supra, no longer obtains as the rule of decision in that tribunal, and after putting that adjudication out of the way, it is entirely clear that the widow did not forego her right to the $400 allowance by the mere act of electing under the statutes to take one-half of her husband's estate in lieu of her dower in real estate as mentioned by the pointed reference to the several sections of the statute pertaining to dower in lands in secs. 353 and 355, which confer the right and point out the method of declaring the election. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.* and *Caulfield, J.,* concur.