LAURA LOWE, Respondent, v. ANDREW and LOGAN LOWE, Executors, et al., Appellants.

Kansas City Court of Appeals, April 1, 1912.

ADMINISTRATION: Allowance to Widow: Prenuptial Contracts. Plaintiff filed a claim in the probate court against the estate of her deceased husband for an allowance in lieu of provisions. Before marriage she had entered into a contract with her husband covering the rights of each in the property of the other, but no mention was made of the allowance to widows provided in section 114, Revised Statutes 1909. *Held*, that, in the absence of express language in a prenuptial contract, it will be presumed that the parties did not include the absolute property of the wife as one of her marital rights in the property and estate of her husband.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

163 App.—14

*Smoot & Cooley* and *George McDowell* for appellants.

*J. E. Reiger* and *B. F. Greenwood* for respondent.

BROADDUS, P. J.—The plaintiff, the widow of Rhodes Lowe, deceased, filed in the probate court a claim for an allowance out of his estate for $200 in lieu of "all grain, meat, vegetables, groceries and other provisions on hand and provided and necessary for the subsistence of the widow and her family for twelve months." The probate court made the allowance. The executors of the estate appealed from the judgment to the circuit court where the judgment of the probate court was affirmed, and the executors appealed to this court.

At the trial the following facts were admitted, viz.: First. That plaintiff was the widow of Rhodes Lowe, and that he died on the 30th day of May, 1910. Second. That $200 is not an unreasonable sum if plaintiff is entitled to any allowance whatever. Third. That the estate inventories $10,500. Fourth. That plaintiff had no property at the time of her marriage. Upon this agreement as to the facts plaintiff rested her case.

The defendants introduced the following antenuptial contract, viz.: "This contract, made and entered into this 10th day of July, 1907, between Rhodes Lowe of Kirksville, Missouri, first party, and Laura A. Grebs, if Marceline, Missouri, second party, witnesseth, that whereas said parties contemplate intermarriage with each other, it is mutually agreed that in case such marriage shall be celebrated, that in consideration thereof, said first party will convey to said second party by warranty deed his homestead, to-wit: Lots three and four in block three in Falkenstein's Addition to the town, now city, of Kirksville, Adair county, Missouri, reserving the use and pos-

session thereof during his lifetime, and will allow her the use of $300 to be loaned by her, and she to receive the interest thereon during first party's lifetime, and at his death said second party shall receive out of his estate a sum of money equivalent to one-third of all his estate, including real, personal and all property of every nature in excess of the sum of thirteen thousand dollars; that is said second party shall have one-third interest in the estate of said second party in excess of the value of $13,000; and the said $300 above mentioned—to be returned to said first party's estate at his death. And said second party shall receive a comfortable home and support so long as first party lives, and her daughter, Ella G. Crebs, shall have a home with her mother, if she so desires, her said mother, the second party, to maintain and support her. And in consideration of these premises, the second party does hereby accept said provisions for her benefit in full, and in lieu of dower in the property of first party and of all marital rights in his property and estate, but she shall be excluded from all marital rights in the estate of first party, except as above provided. And, in consideration of these premises, first party agrees and binds himself that he will not have or claim any interest, dower or marital right whatever in the property or estate of second party during the continuance of said marriage or in the event he should survive said second party, but she shall own and possess all her property, as her sole and separate estate, including all that property that she may now have or may hereafter acquire, in any manner. And in addition to the foregoing provision the second party shall receive out of the estate, of first party at his death, the additional sum of fifteen hundred dollars."

Other evidence introduced went to show that the plaintiff received the property mentioned in the contract according to its terms. It was further shown

that plaintiff and deceased did not live together agreeably, and that at the date of his death she had a suit pending against him for divorce. She had commenced a prior suit against him for divorce, which was compromised, and plaintiff returned to the home of her husband. Deceased paid some debts of plaintiff during the marital relations of the parties, but such fact and others relating to their married life we do not think throw any light on the issue before the court. It is to be regretted that respondent has filed no brief and argument to aid the court in coming to a correct conclusion in the case. We are enabled, however, to conclude from what the record discloses that the plaintiff's contention was, that the terms of the contract did not exclude her from the statutory provision in favor of the widow; and that the ante-nuptial contract did not afford a reasonable provision for her as the wife of deceased. "An antenuptial contract made between a man and woman about to unite in marriage, will be ineffectual to bar dower unless it expressly says that it is to be 'in full discharge of all claim of dower,' " and would still be insufficient to bar dower if she received no estate from her husband to take effect after his death. [King v. King, 184 Mo. 99.] The law in other states is different. In Nebraska it is held that marriage is a sufficient consideration when the contract is fair and equitable in its terms and entered into in good faith. [Rieger v. Schalble, 17 L. R. 866 and cases cited.] In the King case the court reviews the Missouri cases on the subject, among which is that of Mowser v. Mowser, 87 Mo. l. c. 440, in which it is said: "The widow must receive under it, real and personal property as a provision for her support during life; it is against public policy to allow a man, by an agreement before marriage, which does not secure to the wife a provision for her support during life after his death, to bar her right to dower.

The statute sanctions no such agreements.'' [See, also, Farris v. Coleman, 103 Mo. 1. c. 360.]

The husband during his life conveyed the real estate to plaintiff, turned over to her the $300 mentioned, and provided her and her daughter with a comfortable home and at his death she received $1500, the amount specified in the contract. As the decedent's estate did not exceed $13,000, the plaintiff retains the $300. The realty was said to be worth $2000. The plaintiff, therefore, has received property and money under the contract to the amount in value of $3800, a little over one-third of her husband's estate, which was estimated to be of the value of $10,500. We believe the contract made reasonable provision for the wife and was fair and just considering the amount of the husband's estate. It was also shown that the plaintiff had no property of her own at the time of the marriage.

It will be seen that the language of the antenuptial contract does not expressly bar plaintiff's right to the statutory provision for one year's support as the widow of her deceased husband. By section 114, Revised Statutes 1909, the widow, ''in addition to dower, shall be allowed to keep as her absolute property a family Bible and other books,'' etc., . . . all grain, meat, vegetables, groceries and other provisions on hand and provided and necessary for the subsistence of the widow and her family for twelve months.'' Section 115 provides that if the latter articles are not on hand a reasonable appropriation shall be made out of the assets of the decedent's estate to supply the deficiency. It appears to us that the policy of the law is to place the articles enumerated in section 114 upon the same footing as dower. The widow is as much entitled to the allowance in question as she is to the family Bible, her clothing and other articles enumerated in said section. It goes to her absolutely by operation of law, and free from the debts and lia-

bilities of the husband. The husband cannot dispose of it by will without the consent of the wife. And, in the absence of express language to that effect, we must presume that the parties did not intend to include the absolute property of the wife as one of her marital rights in the property and estate of the husband. It became, on the death if the husband, the absolute property of the wife, and was no part of the decedent husband's estate. It is held that because a widow received and receipted for the personal property bequeathed her as coming to her under the terms of the will would not have estopped her from afterward asserting her right to take a child's share in the personal estate; that she could not have prejudiced the rights of any one by receiving a part only of what the law entitled her to receive. [Zook v. Welty, 156 Mo. App. l. c. 711.] The same principle of law is applicable to the facts of this case.

In our opinion the case is governed by the decisions in Farris v. Coleman and King v. King, supra. For the reasons given the cause is affirmed. All concur.