IN THE MATTER OF THE ESTATE OF JAMES S. WAHL, DECEASED, ANNA VASHTI WAHL, PETITIONER, RESPONDENT, v. THE ESTATE OF JAMES S. WAHL, DECEASED; SHARON J. PATE, EXECUTOR OF SAID ESTATE, APPELLANT.—158 S. W. (2d) 743.

Springfield Court of Appeals.   January 28, 1942.   Rehearing

Denied February 18, 1942.

*Corbett & Peal* for appellant.

*Ward & Reeves* for respondent.

FULBRIGHT, J.—This suit originated in the Probate Court of Pemiscot County and is based upon a petition and application filed by respondent, Anna Vashti Wahl, for widow's allowance under certain provisions of the statutes of Missouri. Her petition prayed for an allowance of $400 absolutely, under section 108, R. S. Mo. 1929 (now sec. 107, R. S. Mo. 1939); for household and kitchen furniture to the value of $500 under section 107, R. S. Mo. 1929 (now sec. 106, R. S. Mo. 1939); and also for $2,500 for a year's support as also provided by section 107, R. S. Mo. 1929 (as enacted by Laws 1933, p. 164). The probate court made an order allowing respondent, as the widow of James S. Wahl, deceased, the full amount of the allowances prayed for in her petition. Thereupon, Sharon J. Pate, Executor of the last will and testament of the said James S. Wahl, deceased, and one of the devisees and legatees under the will, and Dorothy Pate Edwards, also one of the devisees and legatees under the will, appealed from said order to the Circuit Court of Pemiscot County.

Thereafter, on the 16th day of December, 1940, at the regular term, 1940, of the Circuit Court of said county, upon a hearing on said application and petition, the court took the cause under advisement until the 30th day of December, 1940, on which date he rendered judgment in favor of the said Anna Vashti Wahl and against the Estate of James S. Wahl, deceased, for the sum of $400 absolutely; and for all the household, kitchen and table furniture including beds, bedsteads and bedding left by the said James S. Wahl at the time of his death, and which the court found not to exceed in value the sum of $500; and the sum of $2,000 for her support for one year. From this judgment the said Sharon J. Pate has duly appealed to this court.

The facts are as follows: James S. Wahl died the 17th day of February, 1940, leaving the respondent, Anna Vashti Wahl, his wife, surviving, but left no lineal descendants. Respondent and Sharon J. Pate were named as joint executors of his last will and testament, which was duly probated in the Probate Court of Pemiscot County, on the 19th day of February, 1940, and thereupon, letters were issued to respondent and Sharon J. Pate as joint executors, without bond, both of whom having previously qualified as such. The inventory disclosed the estate of James S. Wahl amounted in the aggregate to $56,747.57, of which $24,747.57 was personal property and the remainder, $32,000 was real estate. The will provided (1) for the manner of conducting his funeral and the payment of his debts; (2) he gave, devised and bequeathed to Anna Vashti Wahl certain real estate; (3) he gave, devised and bequeathed to Sharon J. Pate certain real estate; (4) he gave, devised and bequeathed to Dorothy Pate Edwards certain real estate; (5) he gave, devised and bequeathed certain real estate to Sharon J. Pate and Dorothy Pate Edwards, share and share alike; and (6) he gave, devised and bequeathed to Anna Vashti Wahl, Sharon

J. Pate and Dorothy Pate Edwards all the rest, residue and remainder of his estate, real, personal or mixed and wherever located, share and share alike; (7) he appointed Anna Vashti Wahl and Sharon J. Pate as joint executors of his last will and testament and authorized them to act as such without bond; and in the eighth and last provision he designated where his remains should be interred.

On the 19th day of March, 1940, Anna Vashti Wahl filed her petition and application for widow's allowance under certain provisions of the statute, as heretofore stated. On the 14th day of October, 1940, she filed her renunciation of the will, and pursuant to the statute, did, in lieu of dower, elect to take all the real and personal estate which came to said James S. Wahl, deceased, in right of their marriage, and all the personal property of said James S. Wahl which came to his possession with her written consent, remaining undisposed of, absolutely, not subject to the payment of the debts of the deceased, and one-half of all the real and personal estate belonging to said deceased, at the time of his death, absolutely, subject to the payment of his debts.

The evidence further shows that after Anna Vashti Wahl and Sharon J. Pate qualified as joint executors of the last will and testament of James S. Wahl, Anna Vashti Wahl assumed control of all the real property given to her by said will; collected and converted to her use the rents and profits arising therefrom and was doing so at the time of the trial of this cause; that she joined with Sharon J. Pate, her co-executor in administering said estate, signed checks with him in payment of debts of said estate and that at the trial of the cause in the Circuit Court there was only $83.02 in cash to the credit of the estate. On the 18th day of November, 1940, a semi-annual settlement was filed in the probate court, signed by both Anna Vashti Wahl and Sharon J. Pate, as executors. This semi-annual settlement shows a balance in the personal estate of $1706.27. However, the evidence discloses that certain items in said settlement are not listed in the computation of debits and credits, showing said balance, so that in order to get a correct statement of the balance due the estate these items, aggregating $2,882.45, should be added thereto. Therefore, at the time of the filing of said settlement, which was more than seven months after the statutory allowances were made in the probate court to the widow, the balance in the estate and undisposed of in personal property, in fact, amounted to $4,588.72, exclusive of office furniture and household and kitchen furniture.

Section 106, R. S. Mo. 1939, provides in part: "In addition to dower the widower or widow should be entitled to keep as his or her absolute property the family Bible and other books not to exceed $200; all the wearing apparel of the family; all implements and articles of domestic industry, all clothing of the family; all household, kitchen and table furniture, including beds, bedsteads, and bedding, not to

exceed the value of five hundred dollars, and such sums of money in exclusion of all debts, claims, charges, legacies, and bequests, as the court may deem reasonable for the proper support of the said widower or widow, . . . for the period of one year after the death of the spouse, in a manner suited to . . . her . . . condition in life, taking into account the condition of the estate of the deceased spouse and the court shall make such appropriation out of the personal assets of the estate." [Sections 106 and 107, R. S. 1929, were repealed and this section enacted in lieu thereof, Laws 1933, p. 164.]

Section 107, R. S. Mo. 1939, in part, is as follows: "In addition to the above, the widow may take such personal property only that . . . she may choose not to exceed the appraised value of four hundred dollars, for which . . . she shall give a receipt." [Section 108, R. S. 1929.]

"The apparent intent of the legislature in making these provisions was to provide a temporary support for the surviving spouse and family, a purpose founded on sound public policy and intended for the conservation of the family. [See Crenshaw v. Moore, 124 Tenn. 528, 137 S. W. 924, 34 L. R. A. (N. S.) 1161, Ann. Cas. 1913A, 165.] But so much cannot be said of the share a widow takes in the personal estate of her deceased husband *other than those absolute allowances.*" [In re Bernays' Estate, 126 S. W. (2d) 209, l. c. 215.] (Italics ours.)

In a very learned and illuminating opinion by Judge Good, in the case of Glenn v. Gunn, 88 Mo. App. 423, l. c. 431, he said: "A careful study of decisions in this state and elsewhere, in which the deprivation of the statutory bounty by reason of accepting legacies is discussed, has led us to the conclusion that in most, if not all, instances, the courts insist on something more in the will to bar the widow from claiming the bounty than a provision that the bequests to her shall be in lieu of dower. While they will deny her dower in personalty when the will so stipulates, or, when, constructively, its provisions are inconsistent with the estate, they appear to require, as a condition precedent to denying her the preference given by the administration law, words of the testator, either unequivocally providing that she shall be denied it if she accept the bequests or else showing unmistakably that he had that right in his mind's eye and intended that his provision for her should supersede it. On no other theory can harmony or consistency be tortured out of the decisions. . . . All well-considered precedents firmly uphold the widow's right to take both the legacies and the statutory benefits, unless the testator's words plainly indicate a contrary wish. . . . Mere expressions in the will that the legacies shall be in lieu of dower are not sufficient to exclude her right to the allowances."

Moreover, in the case of Lowe v. Lowe, 163 Mo. App. 209, 146 S. W. 100, where a marriage contract is under consideration, it is said: "And in the absence of express language to that effect, we must presume

that the parties did not intend to include the absolute property of the wife as one of her maritial rights in the property and estate of the husband. It became, on the death of the husband, the absolute property to the wife, *and was no part of. the decedent husband's estate.*" (Italics ours.) [Williams v. Schneider et al., 1 S. W. (2d) 230.]

In the case of Monahan v. Monahan's Estate, 232 Mo. App. 91, 89 S. W. (2d) 153, l. c. 155, 156, it is stated: "Our courts, from a very early day, have, with remarkable unanimity, held that these enumerated provisions became the absolute property of the "surviving widow or widower, and were not to be treated as a part of the estate for the purpose of being administered; that, upon the death of a spouse, as the law now stands, the title to the articles enumerated vests in the surviving spouse, so that the provisions enumerated in said section 106, or the money allowed in the event of their non-existence, become the absolute property of the surviving widow or widower, as the case may be, free from the claims of creditors or distributees or other beneficiaries of the estate. Where there is a deficiency in the provisions enumerated in said section 106, wholly or in part, the right to an allowance out of the estate to supply such deficiency inures in the surviving spouse, which is immune as against the claims and objections of creditors or other beneficiaries of the estate. [Nelson v. Troll, 173 Mo. App. 51, 156 S. W. 16; In re Flynn's Estate, 228 Mo. App. 1197, 67 S. W. (2d) 771, l. c. 773; Nidy v. Rice, 226 Mo. App. 610, l. c. 613, 614, 44 S. W. (2d) 196; Hasenritter v. Hasenritter, 77 Mo. 162; Hastings v. Myers' Adm'r, 21 Mo. 519; Williams v. Schneider (Mo. App.), 1 S. W. (2d) 230; In re Estate of Ulrici, 177 Mo. App. 584, 160 S. W. 812, 813; McFarland v. Baze's Adm'r, 24 Mo. 156; Waters v. Herboth, 178 Mo. 166, l. c. 172, 77 S. W. 305; Mahoney v. Nevins et al., 190 Mo. 360, l. c. 367, 368, 88 S. W. 731; Benjamin v. Laroche, 39 Minn. 334, l. c. 336, 40 N. W. 156, 157.]"

"In Hasenritter v. Hasenritter, *supra,* the court said: 'In Hastings v. Myers' Adm'r, 21 Mo. 519, it was held that the right of a widow to $200 worth of personal property was absolute, did not depend upon her election, and vested immediately upon the death of her husband. This ruling was based upon what is now sections 35, 36 and 37, page 88, Wagner's Statutes, and it was followed in Cummings v. Cummings, 51 Mo. 261. The present application is based not only on the section referred to, but upon section 33 of the same article, which declares that in addition to dower, the widow shall be allowed to keep, as her absolute property, a family Bible, . . . all grain, meat, vegetables, groceries and other provisions on hand, . . . not to exceed the value of $500.' And section 34 next thereafter, provides that if such grain, meat or other provisions shall not be 'on hand at the time of making the inventory, the court shall make

a reasonable appropriation out of the assets of the estate to supply such deficiency. It seems quite clear that a construction equally favorable to the widow should be given section 33. And this is especially true, as that section declares in express terms that the property therein mentioned shall be the absolute property of the widow, i. e., requiring no ·election on her part, in order to secure it. This being true, it must needs follow that the property or the proceeds thereof, claimed in the present application, were not subject to be disposed of by the will of the applicant's deceased husband.' '' [See also Overfield v. Overfield et al., 326 Mo. 83, 30 S. W. (2d) 1073.]

''The general tenor of the holdings of our courts on that question is to the effect that in order to accomplish that result there must be an express provision in the instrument that the benefits set out therein shall be in lieu of such statutory provisions—in other words, that the surviving spouse cannot be deprived of these statutory allowances by implication; that the design to substitute one for the other must be unequivocally expressed.'' [In re Flynn's Estate, *supra*.]

It will be observed from the foregoing authorities that the statutory provisions here involved, although analogous, are separate, apart and superior to dower; that notwithstanding, where a will is involved that bars the widow from taking dower if she accepts the bequests contained in the will, nevertheless she is entitled to the statutory allowances; that the ''mere expression in the will that the legacies shall be in lieu of dower are not sufficient to exclude her right to the allowances.'' It seems to have been the intent and purpose of the Legislature, in making these salutary and wholesome statutory provisions, to give to the widow as her absolute property for the purpose of her temporary support and maintenance, independent of and unrestricted by any other right or interest she had in the property of the deceased. It is based on sound public policy and intended for the conservation of the family during the trying period immediately following the death of the husband. There is no language in the will in the instant case that indicates an intention on the part of the testator to deny the right of the widow to claim her absolute property under the statutes. But it is contended on the part of appellant that respondent, by her action, is now estopped to claim the statutory allowances. Let us assume, merely for the purpose of reaching a decision on this issue, that she qualified as executrix of the will, and that she has accepted the real estate given to her by the will, and collected the rents and profits which the evidence shows amounted to about $250 or $300, and that she accepted a note, known as the Frazell note, amounting to $1263.95. It is obvious from the evidence that the amount of the personal estate received by her is substantially less than she was awarded under the statutory allowances. Her conduct in receiving the rent money on the real estate given to her under the terms of the will did not injuriously effect the rights of any

other beneficiary under the will, or cause any of the legatees to alter their position to their injury in any manner. As said in the case of Flynn's Estate, *supra,* under the law, even with the will unrenounced, she had an absolute right to receive much more money under the statutory allowances than she had received through rent checks or other items that came into her hands. We are therefore driven to the conclusion that we must rule against appellant on this point.

Let us now assume that she effectively renounced the will and elected to take a one-half interest in the estate of her deceased husband. In this situation it is our conclusion that she is nevertheless entitled to these statutory allowances or bounties. [In re Flynn's Estate, *supra;* In re Stambaugh, 210 Mo. App. 636; Martin v. Jones, 155 Mo. App. 490; In re Foeste's Estate, 153 S. W. (2d) 802.]

Since we hold that irrespective of whether respondent takes under the will or elects to take under the statute (Sections 325 and 327, R. S. Mo. 1939) it is our conclusion that in either event she is entitled to her statutory allowances. It therefore becomes unnecessary for us to determine whether, by her action, she is estopped to renounce the will and take under the statute. We have closely examined the evidence, carefully read all the authorities cited by appellant, as well as many others, and have found nothing that would justify us in arriving at any different conclusion to the one herein announced. The judgment of the trial court is accordingly affirmed. *Blair, P. J.,* and *Smith, J.,* concur.