ESTATE OF DAISY W. JACOBS, SAMUEL A. JACOBS, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8969.   Promulgated May 13, 1947.

*David Baron, Esq.,* for the petitioner.
*Frank M. Cavanaugh, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge*: Petitioner contends, first, that the $5,000 year's support is not includible in the gross estate. The allowance was made under section 106, Revised Statutes of Missouri, 1939, the material portion of which is set out in the margin.[1]

Petitioner argues that the Missouri courts have held that the year's support provided for in that section of the Missouri statutes forms no part of the estate and is not subject to administration, citing *Martin* v. *Jones*, 155 Mo. App. 490; 134 S. W. 1097; *In re Bernays' Estate*, 344 Mo. 135; 126 S. W. (2d) 209; *Monahan* v. *Monahan's Estate*, 232 Mo. App. 91; 89 S. W. (2d) 153; and *In re Wahl's Estate*, 236 Mo. App. 345; 158 S. W. (2d) 743. But the fact that under local law the support allowance is not treated as a part of the estate is not determinative of the includibility of that item in the gross estate for Federal estate tax purposes. *Estate of Louis M. Faber*, 40 B. T. A. 1070. While state law creates legal interests and rights, the Federal revenue acts designate what interests or rights so created shall be included, *Morgan* v. *Commissioner*, 309 U. S. 78, or excluded, *United States* v. *Pelzer*, 312 U. S. 399, for Federal taxation.

In this connection petitioner relies on *Randolph* v. *Craig*, 267 Fed. 993, a decision of a Federal District Court in Tennessee, for the proposition that a year's support allowance is not includible in the gross estate for Federal estate tax purposes. That case, however, was decided under section 202 (a) of the Revenue Act of September 8, 1916, which provided:

\* \* \* That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property \* \* \* To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

The present successor of that section omits the requirement that the property be subject to the payment of charges against the estate, administration expenses, and distribution as part of the estate. Section 811 (a) of the Internal Revenue Code provides merely "To the extent of the interests therein of the decedent at the time of his death." We have no doubt that the item in question is includible in the gross

[1] WHAT WIDOWER OR WIDOW SHALL KEEP—RIGHTS OF MINOR CHILDREN—SALE OF ESTATE: In addition to dower, the widower or widow shall be entitled to keep as his or her absolute property \* \* \* such sums of money in exclusion of all debts, claims, charges, legacies, and bequests, as the court may deem reasonable for the proper support of the said widower or widow, and the minor children under the age of eighteen years, if any, as the case may be, for the period of one year after the death of the spouse, in a manner suited to his, her or their condition in life, taking into account the condition of the estate of the deceased spouse, and the court shall make such appropriation out of the personal assets of the estate \* \* \*.

estate under the law as it now stands. Cf. *Estate of Louis M. Faber*, *supra*. We therefore hold that the petitioner's first argument is without merit.

Alternatively, petitioner contends that, if the item is includible in the gross estate, the estate is entitled to a deduction therefor under section 812 (b) (5). That section provides for the deduction of such amounts "reasonably required and actually expended for the support during the settlement of the estate *of those dependent upon the decedent*, as are allowed by the laws of the jurisdiction * * * under which the estate is being administered." [Italics supplied.]

This case is somewhat unusual in that here, instead of a surviving wife we have a surviving husband, and in this respect it differs from the many prior decisions under section 812 (b) (5). Respondent makes some point of this fact. We do not think, however, that the Federal statute can properly be limited to an allowance for a widow and never embrace an allowance for a widower.

It is true, as petitioner points out, that the Missouri statute makes no distinction between a widow and a widower so far as the year's support allowance is concerned. But, the Missouri statute is different from the Federal statute in that it contains no requirement that the recipient of the support allowance shall have been "dependent upon the decedent." If the quoted provision of the Federal statute is to be given any meaning, it must require that the recipient of the support allowance, if not a legal dependent of the decedent, have in fact received some sustenance or support from the decedent during the latter's lifetime. In the ordinary case where a wife survives, it might be assumed that she was dependent upon her deceased husband; but in the case of a surviving husband there must be some affirmative showing as to the actual fact of dependency.

Here there is no showing whatsoever that the decedent's husband derived any of his support and maintenance from the decedent or that he was in fact dependent upon her. Petitioner nevertheless argues that Missouri law makes the surviving husband a dependent by granting him the right to a year's support and that the state law is controlling because the Federal statute contains the provision "such amounts * * * as are allowed by the laws of the jurisdiction * * * under which the estate is being administered." That provision, however, is simply a condition precedent to the allowance of the deduction. Regulations 105, secs. 81.29 and 81.40; *Mary A. Powers, Executrix*, 6 B. T. A. 633; cf. *Buck* v. *Helvering*, 73 Fed. (2d) 760. It is still necessary to satisfy the other limitations of the Federal statute.

Petitioner admitted that the widower had independent means prior to, as well as subsequent to, the decedent's death. This we think would tend to show that he was not in fact dependent upon the decedent.

In any event, it has not been affirmatively shown that he was dependent, and the mere fact that Missouri law includes him as one of those entitled to a year's support after the death of the decedent does not satisfy the requirement of the Federal law that he be one of "those dependent upon the decedent." The case of *Estate of Peter D. Middlekauff*, 2 T. C. 203, cited by petitioner, involved a widow and was concerned, not with the question of who was dependent upon the decedent, but rather with the question of the reasonableness of the support allowance for the widow.

For the reasons stated, we hold that the respondent properly disallowed the claimed deduction.

*Decision will be entered for the respondent.*