ESTATE OF LESTER FIELD, DECEASED, BARNETT HOLLANDER. TEMPORARY ADMINISTRATOR AND EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110585. Promulgated June 2, 1943.

*Sydney J. Schwartz, Esq.*, for the petitioner.
*J. C. Maddox, Esq.*, for the respondent.

#### OPINION.

LEECH. *Judge:* Respondent determined a deficiency of $4,782.82 in estate tax by, *inter alia*, including in the value of decedent's estate the entire value of the corpus of an *inter vivos* trust created by the petitioner's decedent in 1922. Petitioner asks a finding of an overpayment of $25,684.23. The propriety of that action of respondent is the only issue here. The estate tax return was filed with the collector for the second district of New York.

The facts were stipulated and are so found.

Decedent died on November 16. 1937, at the age of 52 years. On June 8, 1922. he transferred to Bankers Trust Co.. as trustee, certain assets valued at the date of his death at the sum of $307,452.82, which value was included by respondent in decedent's estate in computing the present deficiency.

Summarized. the terms of this trust were:

A. The trust is to continue for the joint lives of two nieces and the life of the survivor of them unless terminated earlier under F, *infra*.

B. The income is to be paid to decedent for his life unless the trust terminates before his death.

C. Upon the death of decedent prior to the termination of the trust leaving issue or. a widow, $150,000 is to be placed in trust for the widow and the balance, or, if he left no widow. all, is to be held in trust for his children, the issue of any deceased child to take the share of such. deceased child. Separate, equal trusts are to be set up for each.

D. The aforesaid trusts are subject to decedent's right to reduce or cancel the amounts of the gifts by will or instrument in writing and the amounts by which any gifts are reduced or canceled are to be added to the gifts for the issue which are not reduced (no restoration being permitted of any gift reduced).

E. If the decedent cancels all of the gifts or reduces gifts so that there remains a balance undisposed of, then all of the balance undisposed of is to go to his brother or sister surviving or their issue.

F. During the continuance of the trusts the income is to be paid to the beneficiary named and upon the death of the beneficiary during the continuance of the trust the corpus is to be paid to the beneficiary's issue surviving. but if there be none. to the issue of the decedent surviving. if none. then the decendent's brother or sister or their issue.

G. Upon the death of the widow. the corpus of the trust created for her benefit is to go to the issue of decedent surviving, but if none, then to the brother or sister or their issue.

H. Upon termination of the trust before the death of the decedent .the corpus is to be paid over to decedent.

I. Upon termination of the trust after the death of decedent but during the existence of any trust the corpus is to be paid to the life beneficiary.

The decedent at no time had any issue. At the time of his death decedent was survived by his two nieces. whose lives were to measure the maximum life of the trust. and they were then of the age of 18 and 25 years. respectively. He was also survived by his widow. Blanche Field. by his sister. Ruth Rosenfeld Hollander. and by John R. Field and Warren R. Field. issue of a deceased brother. Hugo Rosenfield.

The transfer in trust was not made in contemplation of death, nor

did deceased at any time relinquish any power to alter, amend, or revoke the transfer or to change the enjoyment of the property transferred in contemplation of death.

It is conceded by the petitioner that the value of the corpus of the trust to the extent of $150,000, directed to be set aside for the decedent's widow. was properly includable in decedent's gross estate at his death. since decedent. to the extent of that value. retained until his demise the power to change the disposition of the widow's fund in that maximum amount by reducing or canceling it in its entirety. The value of a remainder in the sum of $157,452.82, payable at all events upon the death of the survivor of two females, aged 18 and 25 years, respectively. was. at the time of decedent's death. $24.930.76. The value at the date of decedent's death to a man aged 52 years of the right to receive a remainder in the sum of $157,452.82. payable upon the death of the survivor of two females, aged 18 and 25. respectively, contingent upon his survival of both of such females, was $891.18.

Petitioner concedes that the value of the trust remainder, to the amount of the $150.000 allocable by decedent to the trust for the widow, was properly included for estate tax purposes under section 302 (d) of the Revenue Act of 1926. as amended. The issue here therefore is whether respondent was correct when he included the balance of that remainder for those purposes. Respondent supports his action of including the entire value of the remainder upon three grounds: (1) under section 302 (c) of the Revenue Act of 1926. as amended by section 803 (a) of the Revenue Act of 1932. as construed by *Helvering* v. *Hallock*. 309 U. S. 106. and other cases; (2) under section 302 (d) of the Revenue Act of 1926. as amended by section 401 of the Revenue Act of 1934; and (3) decedent died owning outright that part of the trust corpus which exceeded the $150,000 allocable therein to the trust for the widow.

In opposing the first above contention, petitioner concedes that decedent, by the trust deed, reserved a possibility of reverter in the trust remainder until his death. in that, if he survived his two nieces whose lives measured the maximum life of the trust, its entire corpus would revert to him. Its position, however. is that only the value of that possibility of reverter. which is here stipulated. can be included in the value of decedent's estate at his death for estate tax purposes. It also cites the *Hallock* as well as other cases.

Whatever may have been said [1] about the uncertainty of the law on the point thus raised prior to the decision of the Supreme Court in *Smith* v. *Shaughnessy*. 318 U. S. 176 (see also *Robinette* v. *Helvering*. 318 U. S. 184). we think the decision in the *Shaughnessy* case definitely concludes the petitioner here.

---

[1] Paul, Federal Estate and Gift Taxation. sec. 7.25. ch. 7. vol. I.

**24**

It is true that case involved only gift tax. The sole controversy, however, there as here was whether the measure of such tax included the value of the remainder of an *inter vivos* trust created by the donor similar for present purposes to that now before us. The Supreme Court there pointed out that the principal contention of the taxpayer was that the value of such remainder was not includable in the value of the gift for gift tax purposes because it would be later includable in the value of the estate of the donor for estate tax purposes under the *Hallock* case, *supra*, and that thus subjecting it to both an estate and gift tax would be contrary to the policy announced by the Supreme Court in *Estate of Sanford* v. *Commissioner*, 308 U. S. 39. The Court then proceeded to say:

This view, we think, misunderstands our position in the *Sanford* case. As we said there, the gift and estate tax laws are closely related and the gift tax serves to supplement the estate tax. We said that the taxes are not "always mutually exclusive", and called attention to § 322 of the 1924 Act there involved (re-enacted with amendments in § 801 of the 1932 Act) which charts the course for granting credits on estate taxes by reason of previous payment of gift taxes on the same property. The scope of that provision we need not now determine. It is sufficient to note here that Congress plainly pointed out that "some" of the "total gifts subject to gift taxes  *  *  *  may be included for estate tax purposes and some not." House Report No. 708, 72d Cong., 1st Sess., p. 45. Under the statute the gift tax amounts in some instances to a security; a form of down-payment on the estate tax which secures the eventual payment of the latter; it is in no sense double taxation as the taxpayer suggests.

We conclude that under the present statute, Congress has provided as its plan for integrating the estate and gift taxes this system of secured payment on gifts which will later be subject to the estate tax.

Unencumbered by any notion of policy against subjecting this transaction to both estate and gift taxes, we turn to the basic question of whether there was a gift of the remainder.  *  *  *

We think it is inherent in this expression of the Supreme Court that the remainder of such a trust may be not only subject to gift tax, as was there decided, but is also subject to the estate tax contested here. It may be that the amount of a gift tax paid upon an *inter vivos* transfer which included in its measure the value of the remainder would be credited against a later estate tax. But, under the quoted decision, that tax is the principal—the inclusive tax. It stands upon its own feet and is measured by its own standards, which are not affected by those of the gift tax. Thus because there was no "down-payment on the estate tax," in the form of a gift tax, as here,[2] the estate tax is not reduced in any degree.

The question of whether the measure of the value of the remainder includable here at decedent's death for estate tax purposes should exclude the value of any life estate to his issue is moot, since decedent

---

[2] There was no gift tax during 1922 when the transfer in trust was made here.

died without ever having had issue and thus no life estate, following his own, arose. Respondent is therefore affirmed on the submitted issue.

This decision renders unnecessary any consideration of respondent's second and third positions.

*Decision will be entered under Rule 50.*