MARTHA E. GASTON ESTATE, THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK AND FERDINAND A. HUBERT, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111237.   Promulgated September 10, 1943.

*Thomas A. Ryan, Esq.,* for the petitioners.
*Myron S. Winer, Esq.,* for the respondent.

### OPINION.

SMITH, *Judge*: This proceeding involves an estate tax deficiency of $8,866.34, the most of which is in controversy.   The question in issue is whether, and to what extent, the value of property which the decedent conveyed to an *inter vivos* trust in 1929, retaining the income for life and a contingent power of appointment over the remainder, is includible in her gross estate.

Decedent died a resident of the State of New Jersey on November 4, 1939.   Her estate tax return was filed with the collector of internal revenue for the district of New Jersey.   In his audit of the return respondent added to the value of the gross estate, reported at $53,587.-98, an amount of $71,152.24 representing the value at the date of decedent's death of property which she transferred in trust during her lifetime.

The trust in question was created by the decedent by a trust agreement executed on February 28, 1929.   The Chase National Bank of the City of New York was named sole trustee.   The trust corpus consisted of two separate lots of securities referred to in the trust agreement as "Schedule A" and "Schedule B."   The entire net income of the trust was to be paid to the donor during her lifetime.   Upon her death the trustee, with the funds of schedule A, was to create two equal trusts, one for the benefit of the donor's son, George H. Gaston, and the other for the benefit of her granddaughter, Elizabeth D. Koenig.   The funds of schedule B were to be disposed of as directed by the donor in her will.

The income from the separate trusts to be formed with the assets of schedule A was to be paid to the son and granddaughter, respectively, for their lives and upon the death of each the principal of his or her trust was to be distributed to his or her surviving lawful issue. Should either the son or the granddaughter die leaving no lawful issue, then the principal of his or her trust was to be disposed of by the donor in her will.

The donor specifically reserved the right to withdraw the funds represented by schedule B during her lifetime, but the trust with respect to the funds of schedule A was declared to be irrevocable.

After enumerating certain powers and duties of the trustee the trust agreement provided:

EIGHTH: The Trustee shall have such additional powers as Martha E. Gaston [the grantor], by any future instrument in writing delivered to the Trustee, may grant to it, the right to grant such powers being hereby expressly reserved to said Martha E. Gaston.

The decedent was survived by her granddaughter, who at the date of decedent's death was 21 years of age and unmarried, but was predeceased by her son. The property held in trust for the benefit of decedent's son, as well as that held under schedule B, was all disposed of by decedent in her will and the value thereof at the date of decedent's death was included in the value of her gross estate as reported in the estate tax return.

In her will decedent directed that in the event of her granddaughter's death without issue surviving the trust property held for her benefit should be paid over to a named charity, the Job Haines Home for the Aged, of Bloomfield, New Jersey.

The present controversy involves only that portion of the schedule A property which at the date of decedents death was held in trust for the benefit of the granddaughter. The respondent contends that the value of that trust property is includible in decedent's gross estate either as a transfer intended to take effect in possession or enjoyment at or after death under section 811 (c) of the Internal Revenue Code, or as a revocable transfer under section 811 (d).

The respondent does not rely, in his argument for the application of section 811 (c), upon the fact that the decedent retained the income of the trust for life. The trust was created prior to March 3, 1931, the effective date of the joint resolution and section 803 (a), Revenue Act of 1932, amending section 302 (c), Revenue Act of 1926, to include in the gross estate the value of any property in which the decedent had retained a life interest. See *Nichols* v. *Coolidge*, 274 U. S. 531; *Hassett* v. *Welch*, 303 U. S. 303.

One of the cases relied upon by the respondent as involving facts identical with those in the instant case is *Estate of Lester Field*, 2 T. C. 21. We held in that case, upon authority of *Helvering* v.

*Hallock*, 309 U. S. 106, that where a decedent transferred property in trust, retaining the income for life, unless the trust should sooner terminate, and also a possibility of reverter in the remainder interest, contingent upon events not here material, there should be included in his gross estate the full value of the trust property at the time of his death.

Also, upon facts which petitioner concedes are "practically identical" with those in the instant case, the United States District Court for the eastern district of Pennsylvania held in *Fidelity-Philadelphia Trust Co.* v. *Rothensies* (Jan. 8, 1943), following the decision of the United States Supreme Court in the *Hallock* case, that the remainder of a trust subject to a conditional power of appointment in the grantor was includible in the gross estate.

In the instant case what the decedent retained was not strictly a possibility of reverter in the remainder of the trust corpus, as in *Estate of Lester Field, supra*, but a contingent power of appointment over the remainder of the trust property; that is, upon the death of the granddaughter the principal of the trust was to go to the granddaughter's surviving lawful issue if any, and if none survived the property was to be disposed of by decedent in her will. We doubt, however, that any valid distinction can be drawn between the *Lester Field* case and the instant case upon that variance in the facts. For practical purposes we can see but little difference between the reservation by a grantor of a life estate with a conditional reversionary interest in the remainder and a life estate with a conditional power of appointment over the remainder to be exercised by will. In both cases the grantor has the certain use and enjoyment of the property for life, and contingently, the right to say to whom it shall go upon his death.

The decedent here was not a mere donee of the power of appointment. Her power inhered in her ownership of the property. It was a right which she reserved to herself when she made the trust conveyance. Stated in another way, the decedent conveyed the property in trust, reserving the income for life and the right to dispose of the remainder by will, providing her granddaughter should predecease her leaving no issue.

It seems to us that the transfer was one intended to take effect in possession or enjoyment at or after death within the meaning of section 811 (c).

Since the grantor retained the income from the trust for her life the succeeding life estate in the granddaughter was necessarily contingent upon the granddaughter surviving decedent. Had the granddaughter predeceased the decedent the former's life estate would never have come into possession or enjoyment. As the Supreme Court said in *Klein* v. *United States*, 283 U. S. 231, speaking of a remainder

interest that was to vest in the decedent's daughter only if she survived the decedent:

* * * The remainder was retained by the grantor; and whether that ever would become vested in the grantee depended upon the condition precedent that the death of the grantor happen *before* that of the grantee. The grant of the remainder, therefore, was contingent. * * *

The gift in trust of the remainder interest, that is, the trust principal, was likewise contingent. That contingency, however, was not dependent upon the death of the decedent but upon the death of the granddaughter without surviving issue. At the time of decedent's death the granddaughter was 21 years of age and unmarried. It could not be determined then, and can not yet be determined, whether the remainder interest in the trust will eventually vest under the trust instrument or under decedent's will. The effectiveness of the grantor's testamentary disposition of the remainder interest to charity, in the event that no issue survived the granddaughter, must still await that contingency.

The determination of the estate tax liability of decedent's estate, however, can not await the happening of any future events, but must be made upon the facts as they existed at the date of her death. *United States* v. *Provident Trust Co.*, 291 U. S. 272.

Having determined that the value of the trust property in question here is includible in decedent's gross estate under section 811 (c), it is not necessary to discuss the applicability of section 811 (d).

An appealing argument might be made in the instant case that, even if there should be a failure of issue of the granddaughter and the remainder interest should pass under the appointment which the decedent made in her will, it would go to a recognized tax-exempt charity and would therefore be deductible from the gross estate. The fallacy of that argument is that it fails to give effect separately to the provisions of the statute for the determination of the gross estate and to the deductions therefrom in the determination of the net estate. Under the scheme of the statute the value of the gross estate must first be determined in accordance with section 811. The net estate must then be determined by allowing the deductions provided for in section 812. Section 812 (d) permits the deduction from the gross estate of bequests to certain recognized charities, the Job Haines Home for the Aged being of that character, but the deduction is allowable only when the bequest is certain to take effect and is capable of reasonably accurate valuation. A contingent bequest, that is, one depending upon the happening of some event which may never take place, is not deductible. A remainder to charity, after a life estate, upon the condition that the life tenant leave no issue surviving, is deductible only where the possibility of the life tenant leaving issue is so remote as to leave no doubt as to the final vesting of the estate

in the charity. See *Humes* v. *United States*, 276, U. S. 487; *City Bank Farmers' Trust Co.* v. *United States*, 74 Fed. (2d) 692.

There being no evidence before us tending to show the probability of the granddaughter dying without issue, the gift to charity conditioned upon that event is uncertain and incapable of valuation and no deduction therefor can be allowed.

*Decision will be entered for the respondent.*