Estate of Lester **FIELD**, Deceased, Barnett Hollander, Temporary Administrator and Executor, Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

United States District Court
S. D. New York.
May 2, 1955.

Sydney J. Schwartz, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., for S. D. N. Y., New York City, for defendant (Maurice N. Nessen, New York City, of counsel).

MURPHY, District Judge.

On this motion, the government seeks dismissal of the complaint pursuant to Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. The motion is based upon two sections of the Internal Revenue Codes of 1939 and of 1954, one being a statute of limitations,[1] the other a provision that where a taxpayer applies to the Tax Court to review a deficiency determined by the Commissioner of Internal Revenue, he cannot bring an action in the District Court for refund.[2] A third ground for the motion, added

---

1. Section 6511, Internal Revenue Code of 1954 (former Section 910, Internal Revenue Code of 1939) provides in part: "Period of limitation on filing claim.— "Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was required to be filed (determined without regard to any extension of time) or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * *"

2. Section 911, Internal Revenue Code of 1939 (now Section 6512, Internal Revenue Code of 1954) provides in part: "If the Commissioner has mailed to the executor a notice of deficiency under section 871 (a) and if the executor files a petition with The Tax Court of the United States within the time prescribed in such subsection, no refund in respect of the tax shall be allowed or made and no suit for the recovery of any part of such tax shall be instituted in any court * * *".

later,[3] is the time bar of Section 207(b) of the Technical Changes Act of 1953.[4]

Plaintiff's claim arises out of proper valuation of the corpus of an *inter vivos* trust under § 302(c) of the Revenue Act of 1926.[5] The decedent, Lester Field, died on November 16, 1937, in Paris, France, as a citizen of the United States. On June 8, 1922, the decedent transferred to a trustee certain assets valued at the time of his death at $157,452.82. The material portions of the trust and events have been thus summarized:[6]

"1. The trust was to continue for the joint lives of two nieces and the life of the survivor of them unless terminated earlier under 4, *infra*.

"2. The income was to be paid. to the decedent for his life unless the trust terminated before his death.

"3. If the decedent died prior to the termination of the trust leaving issue, the trust property was to be held in trust for the children or their issue, subject to decedent's right to reduce or cancel the amounts of the gifts by will or written instrument. Provisions were also made for a $150,000 trust for the widow which is not in issue in this case.

"4. During the continuance of the trusts the income was to be paid to the beneficiary named and upon the death of the beneficiary during the continuance of the trust the corpus was to be paid to the beneficiary's issue surviving, but if there be none, to the issue of the decedent surviving; if none, then to decedent's brother or sister or their issue.

"5. Upon termination of the trust before the death of the decedent the corpus was to be paid over to decedent.

"6. Upon termination of the trust after the death of the decedent but during the existence of any trust the

---

3. The government in its notice of motion specifies as one of its grounds that "the action is time-barred by relevant statutes of limitation." Its annexed "memorandum of points to be raised on the motion" mentioned several statutes, but not the Technical Changes Act of 1953, Section 207(b). Upon argument and in its brief, this section has been added as an additional ground, and plaintiff has dealt with it in a reply memorandum. Normally, the practice of "smuggling additional questions into a case" after notice of motion, ought not to be countenanced, see Irvine v. California, 347 U.S. 128, 129, 74 S.Ct. 381, 98 L.Ed. 561, but in the instant case, plaintiff's reply may be taken as curing this defect.

4. "Decedents dying before February 11, 1939.—

"For the purposes of section 302(c) of the Revenue Act of 1926, as amended, an interest of a decedent shall not be included in his gross estate as intended to take effect in possession or enjoyment at or after his death unless it would have been includible as such a transfer under section 811(c) (2) of the Internal Revenue Code, as amended by section 7 of Public Law 378, Eighty-first Congress, approved October 25, 1949 (63 Stat. 891), had such section 811(c) (2), as so amended, applied to the estate of such decedent. No refund or credit of any overpayment resulting from the application of this subsection shall be allowed or made if prevented by the operation of the statute of limitations or by any other law or rule of law; except that if the determination of the Federal estate tax liability in respect of the estate of any decedent dying before February 11, 1939, was pending on January 17, 1949, in the Tax Court of the United States or in any other court of competent jurisdiction, or if a decision of the Tax Court of the United States or such other court determining such estate tax liability did not become final until on or after January 17, 1949, then refund or credit of any overpayment resulting from the application of this subsection may, nevertheless, be made or allowed if claim therefor is filed within one year from the date of the enactment of this Act, notwithstanding section 319(a) of the Revenue Act of 1926 or any other law or rule of law which would otherwise prevent the allowance of such refund or credit."

5. 44 Stat. 9, 70; 26 U.S.C.A. § 811 note.

6. Commissioner of Internal Revenue v. Estate of Field, 324 U.S. 113, 114–115, 65 S.Ct. 511, 89. L.Ed. 786.

corpus was to be paid to the life beneficiary.

"The decedent at no time had any issue. At his death in 1937 at the age of 52, he was survived by the two nieces whose lives were to measure the maximum life of the trust. These nieces were then aged 18 and 25 respectively. He was also survived by his widow, a sister and issue of a deceased brother."

Various deficiencies were assessed against the estate of Lester Field because of plaintiff's failure to include in its estate tax returns the assets covered by the deed of 1922. Plaintiff petitioned the Tax Court for review. An adverse determination there [7] was reversed by the Court of Appeals, which remanded the case to the Tax Court with directions to include in the gross estate only $24,-930.76—the value at time of death of a remainder of $157,452.82 payable at all events upon death of the survivor of two females, aged 18 and 25 respectively.[8] The Supreme Court reversed, thus affirming the Tax Court, observing:

"The trust here was limited in duration to the lives of the decedent's two nieces. But if both nieces died before the decedent, the corpus would have been paid to the decedent rather than to the beneficiaries named in the trust instrument (in this instance the decedent's sister and the issue of his deceased brother). Thus until decedent's death it was uncertain whether any of the corpus would pass to the beneficiaries or whether it would revert to the decedent. Decedent retaining a string attached to all the property until death severed it, the entire corpus was swept into the gross estate and was taxable accordingly."[9]

This claim is based on Section 607 of the Revenue Act of 1951, 26 U.S.C.A. § 811 note, which provides:

"Transfers conditioned upon survivorship. In the case of property transferred by a decedent dying after March 18, 1937, and before February 11, 1939, the determination of whether such property is to be included in his gross estate under section 302(c) of the Revenue Act of 1926 (44 Stat. 70) as a transfer intended to take effect in possession or enjoyment at or after his death shall be made in conformity with Treasury Regulations in force at the time of his death."

The government concedes that, for purposes of this motion, plaintiff's claim would be allowable under the "Treasury Regulations in force at the time of his death."[10]

According to plaintiff's complaint, a claim for refund of $25,811.95 was made

---

7. Id., 2 T.C. 21.

8. Id., 2 Cir., 144 F.2d 62.

9. Id., 324 U.S. 113, 115–116, 65 S.Ct. 511, 512, 89 L.Ed. 786.

10. Treasury Regulation 80, 1937 Edition, in effect on November 16, 1937 (T.D. 4729) provided:
"Art. 17. Transfers conditioned upon survivorship.—
"The statutory phrase, 'a transfer * * * intended to take effect in possession or enjoyment at or after his death,' includes a transfer by the decedent (other than a bona fide sale for an adequate and full consideration in money or money's worth) whereby and to the extent that the beneficial title to the property (if the transfer was in trust), or the legal title thereto (if the transfer was otherwise than in trust), remained in the decedent at the time of his death and the passing thereof was subject to the condition precedent of his death. If the tax applies, it does so without regard to the time of the transfer, whether before or after the enactment of the Revenue Act of 1916.
"On the other hand, if, as a result of the transfer, there remained in the decedent at the time of his death no title or interest in the transferred property, then no part of the property is to be included in the gross estate merely by reason of a provision in the instrument of transfer to the effect that the property was to revert to the decedent upon the predecease of some other person or persons or the happening of some other event."

on June 30, 1952, denied by the Commissioner of Internal Revenue on October 20, 1952, and this action commenced on October 11, 1954. On this motion, plaintiff contends in substance that Section 607 of the Revenue Act of 1951 was a *pro tanto* repeal of prior statutes cited by the government as barring plaintiff's claim (notes 1, 2, *ante*), and that the subsequent statute enacted in 1953 (note 3, *ante*) has no relation to the Act of 1951 upon which plaintiff bases its claim.

## I

■ We deal first with the government's claim that the action is barred by provisions of the Internal Revenue Code of 1939 (notes 1 and 2, *ante*). On this, the nature of the problem and the legislative history of the measure designed to deal with it are relevant in ascertaining congressional intent.

At the time of decedent's death, (1937) under the estate tax regulations then in effect (note 10, *ante*), the existence of a possibility of reverter probably did not subject the transfer of property to estate tax. Following the enactment of the Internal Revenue Code of 1939, the Commissioner took a contrary position and after a course of litigation in which many cases were decided, it was ultimately held that the existence of a possibility of reverter of any kind and of any value, no matter how nominal, would subject the transfer to estate tax even where, as in the instant case, administrative regulations in effect at the time of decedent's death provided otherwise.[11]

To alleviate what it considered to be the injustice of such a rule, Congress enacted the Technical Changes Act of 1949. Relief granted was limited in scope to a class of cases narrower than that encompassed by the court decisions. The statute in § 7(b) relieved from taxability possibilities of reverter which were excluded from the gross estate where they existed merely by operation of law or where, if the reversionary interest was express, it was valued immediately before the decedent's death at not more than 5 percent of the total value of the assets transferred. The class of cases covered was also limited in time to those of decedents who died on or after February 11, 1939, the effective date of the Internal Revenue Code of 1939. Finally, a time limitation of one year for assertion of a claim for refund was added in Section 7(c) of the statute.[12]

An additional class of claims barred by court decisions and not covered by the Technical Changes Act of 1949 were included in Section 607 of the Revenue Act of 1951, supra, upon which plaintiff relies in this action. This statute covered decedents who died after March 18, 1937 and before February 11, 1939. It also differed from the Technical Changes Act of 1949 in adopting the test of the Treasury Regulations in force at the time of decedent's death, instead of that of valuation at not more than 5 percent of the total value of assets transferred employed in the 1949 Act. Finally, unlike the 1949 Act, no provision for time limitation for assertion of claims for

---

11. Commissioner of Internal Revenue v. Estate of Field, 324 U.S. 113, 65 S.Ct. 511, 89 L.Ed. 786; Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, 65 S.Ct. 508, 89 L.Ed. 782; See also Estate of Spiegel v. Commissioner, 335 U.S. 701, 69 S.Ct. 301, 93 L.Ed. 330; Helvering v. Hallock (Bryant v. Hallock), 309 U.S. 106, 60 S.Ct. 444, 84 L. Ed. 604; Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35; Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29.

12. " 'If refund or credit of any overpayment resulting from the application of subsections (a) (b) is prevented on the date of the enactment of this Act, or within one year from such date, by the operation of any law or rule of law (other than section 3760 of the Internal Revenue Code, relating to closing agreements, and other than section 3761 of such code, relating to compromises), refund or credit of such overpayment may, nevertheless, be made or allowed, if claim therefor is filed within one year from the date of the enactment of this Act.' " 64 Stat. 770, 26 U.S.C.A. § 811 note.

refunds was included. Whether this omission was inadvertent or intentional is not clear from the legislative history of Section 607. What is clear from the report of the Senate Finance Committee,[13] the supplemental report of that Committee [14] and the Statement of the Managers on the Part of the House after conference with the Senate Committee,[15] is that the measure was designed to provide refunds for transfers such as that involved in the Field Estate in 1937.

If the prohibition of the Internal Revenue Code of 1939 (note 2, *ante*) against a taxpayer bringing an action in a district court for refund where he has applied to the Tax Court to review a deficiency, remains unaffected by the measures of relief under the 1949 and 1951 Technical Changes Act, then of course judicial consideration of such claims is precluded. But the clear intent of Congress to alleviate what it deemed abuses in these cases might well operate as a partial repeal of this preexisting bar.[16] Indeed, even where statutes explicitly preclude judicial consideration of administrative action, federal courts have assumed jurisdiction.[17] To hold otherwise with respect to the statute on which this action is based would render the measure an empty gesture.

13. Senate Report No. 781, 82d Congress, First Session, Calendar No. 737, Part B, Section 3:
"The provisions of the Technical Changes Act of 1949 apply only with respect to decedents dying after February 10, 1939, the date of enactment of the Internal Revenue Code. In the case of such decedents, property is included in the gross estate by reason of the retention of a reversionary interest in a transfer made before October 8, 1949, only if the reversionary interest is express and is worth more than 5 percent immediately before the decedent's death.
"On March 18, 1937, Treasury Decision 4729 was issued by the Treasury Department, providing that property should not be taxed by reason of the retention of a reversionary interest. In order to treat the estates of decedents dying before February 11, 1939 and after March 18, 1937 in accordance with the law then in effect, section 607 of your committee's bill provides that property transferred by a decedent dying in such period is not to be included in the estate of the decedent because of a possibility of reverter if the regulations in effect at the time of the death of the decedent did not provide for the inclusion of property so transferred."

14. Id., Section 606 [Sic]
"Section 606—[Sic] Transfer conditioned upon survivorship.
"This section, for which there is no corresponding provision in the House bill, provides that, in the case of a decedent dying after March 18, 1937, the date of approval of Treasury Decision 4729, and before February 11, 1939, the determination of whether property is to be included in the gross estate of the decedent under section 302(c) of the Revenue Act of 1926 as a transfer intended to take effect in possession or enjoyment at or after his death shall be made in conformity with the provisions of article 17 of Regulations 80, as amended by such Treasury Decision."

15. Congressional Bulletin, 1951–52, p. 651.
"Amendment No. 251: This amendment, for which there is no corresponding provision in the House Bill, adds a new section to the bill to provide that in the case of a decedent dying after March 18, 1937, and before February 11, 1939, the determination of whether property is included in the gross estate of the decedent as a transfer intended to take effect in possession or enjoyment at or after his death shall be made in conformity with the provisions of article 17 of Regulations 80, as amended by Treasury Decision 4729. The House recedes with a clerical amendment."

16. See Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351; Daviess v. Fairbairn, 3 How. 636, 11 L.Ed. 760; United States v. Tynen, 11 Wall. 88, 20 L.Ed. 153; In re Henderson's Tobacco, 11 Wall. 652, 20 L.Ed. 235; United States v. Tingey, 5 Pet. 115, 8 L.Ed. 66; United States v. Updike, 281 U.S. 489, 50 S.Ct. 367, 74 L. Ed. 984; Commissioner of Internal Revenue v. Wilson, 10 Cir., 60 F.2d 501, 503.

17. E. g., see Chicago & Southern Air Lines v. Waterman Steamship Co., 333 U.S. 103, 110, 68 S.Ct. 431, 92 L.Ed. 568; Hospoder v. United States, 3 Cir., 209 F.2d 427, 429; Siegel v. United States, D.C.E.D.N.Y., 87 F.Supp. 555.

With respect to omission of a time limitation for assertion of claims under the Act of 1951 and its inclusion in the Act of 1949, it may be, as the government suggests, that Congress intended to carry over the limitation of the 1949 Act into the 1951 Act without explicitly doing so. If this is the case, it is by no means clear that the instant action is barred. The complaint alleges —and these allegations must be taken as true for purposes of this motion—that claim for refund was made with the Commissioner of Internal Revenue on June 30, 1952, within any one-year period after enactment of Section 607 of the Technical Changes Act of 1951. The instant action was brought within the prescribed [18] two-year period after denial of the claim by the Commissioner.

## II

The alleged bar of Section 207 (b) of the Technical Changes Act of 1953 (note 4, *ante*), applies to the instant situation of plaintiff insofar as the date of death of the decedent is involved. Its scope otherwise, however, is not the same as Section 607 upon which plaintiff relies, nor does this statute purport to modify this section. Its effect—unlike that of Section 607—is to apply the 5 percent exclusion test of the Technical Changes Act of 1949 to estates of all decedents who died since the enactment of the Revenue Act of 1926 and before February 11, 1939, without regard to any treasury regulations in effect at the times of death of such decedents. The Act of 1953 is primarily concerned with estates where taxability is based on retention of a life interest in income; Section 607 is concerned primarily with taxability based upon possibilities of reverter without regard to retention of income rights.

Accordingly, defendant's motion is denied.

This is an order. No settlement is necessary.

18. Section 6532(a) (1), Internal Revenue Code of 1954 (Former Section 3772(a) (2).