ESTATE OF PETER D. MIDDLEKAUFF, WELLS FARGO BANK & UNION TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WELLS FARGO BANK & UNION TRUST COMPANY, TRUSTEE AND TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 111082, 11083. Promulgated June 23, 1943.

*Lloyd W. Dinkelspiel, Esq.*, for the petitioners.
*Thomas M. Mather, Esq.*, for the respondent.

OPINION.

SMITH, *Judge:* The principal question presented by these proceedings is whether the value of the property in the hands of the trustee of the trust created by the decedent on January 3, 1928, is includable in his gross estate. The respondent has so included it in his determination of the deficiency in accordance with his interpretation of section 811 of the Internal Revenue Code, the pertinent parts of which are as follows:

SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible. wherever situated, except real property situated outside of the United States—

\*         \*         \*         \*         \*         \*         \*

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time·made a transfer. by trust or otherwise. in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer. by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact and before his death (1) the possession or enjoyment of, or the right to the income from. the property, or (2) the right, either alone or in conjunction with any person. to designate the persons who shall possess or enjoy the property or the income therefrom; \* \* \*

(d) REVOCABLE TRANSFERS—

\*         \*         \*         \*         \*         \*

(2) TRANSFERS ON OR PRIOR TO JUNE 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise. where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter. amend, or revoke. or where the decedent relinquished any such power in contemplation of his death. except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Except in the case of transfers made after June 22. 1936.· no interest of the decedent of which he has made a transfer shall be included in the gross estate under paragraph (1) unless it is includible under this paragraph.

The respondent submits that the total value of the assets in the hands of the trustee at the date of the death of the decedent ($478,-866.27) is includable in the gross estate of the decedent (1) as a

transfer made in contemplation of death; (2) as a transfer to take effect in possession or enjoyment at or after death; or (3) as a transfer with respect to which the grantor reserved a power of appointment if the donee predeceased him.

In support of the proposition that the transfer made on January 3, 1928, was made in contemplation of death the respondent submits that because of the fact that the decedent was a sufferer from asthma and had low blood pressure and that at the time of executing the trust instrument he also made his will. it must be held that contemplation of death motivated the transfer. under the doctrine of *United States* v. *Wells*, 283 U. S. 102. We are convinced, however, from a consideration of the entire record that the creation of this trust was not motivated by contemplation of death. The evidence shows that the decedent for a long time had held the view that a man who was not active in business and who had reached the age of 70 was not as well qualified to manage a large estate as a trust company or one who made investments his business. This was the primary reason for the creation of the trust.

We consider next whether the transfer was one which was "intended to take effect in possession or enjoyment at or after * * * death" within section 811 (c) of the Internal Revenue Code. The respondent contends that it was and in support of that contention cites *Helvering* v. *Hallock*, 309 U. S. 106. The principle which was laid down in that case is that, where a person creates a trust and provides in the trust instrument that upon the happening of some contingency prior to his death the trust property or an interest therein shall revert to him, and before the happening of any such contingency he dies, the value of the trustor's interest in the trust property is includable in his gross estate. The *Hallock* opinion dealt with a number of situations. One of the cases decided with the *Hallock* opinion was *Bryant* v. *Helvering*. The facts in that case were in substance the same as the facts which obtain in the instant proceedings. They were stated by the Supreme Court as follows:

* * * the testator provided for the payment of trust income to his wife during her life and upon her death to the settlor himself if he should survive her. The instrument, which was executed in 1917, continued: "Upon the death of the survivor of said Ida Bryant and the party of the first part, unless this trust shall have been modified or revoked as hereinafter provided, to convey, transfer, and pay over the principal of the trust fund to the executors or administrators of the estate of the party hereto of the first part." There was a further provision giving to the decedent and his wife jointly during their lives, and to either of them after the death of the other, power to modify, alter or revoke the instrument. The wife survived the husband, who died in 1930. The Board of Tax Appeals allowed the Commissioner to include in the decedent's gross estate only the value of a "vested reversionary interest" which the Board held the grantor had reserved to himself. On appeal by the taxpayer, the Circuit Court of Appeals sustained this determination.

The Supreme Court affirmed the decision of the Circuit Court of Appeals in that case.

In the instant proceedings the decedent had provided in the trust instrument that if his wife predeceased him the income from the trust estate was to be paid to him so long as he should live and that the trust was to cease and determine upon his death. and that all property then in the hands of the trustee should vest in and be delivered to those persons to whom the property might be given by his last will and testament. By his death the retained interest in the trust property was cut off. It was not until his death that the transfer of the reversionary interest took effect

The petitioner contends that if the principle of the *Hallock* case applies to these proceedings the only amount to be included in the trust estate in respect of the trust property is the value of the possibility of reverter. It is pointed out that the trustor was about two years older than his wife at the time that the trust instrument was executed and that there was less likelihood of him being the survivor than of his then wife being the survivor. It is contended that the value of the possibility of reverter is to be determined on an actuarial basis. There was introduced in evidence the testimony of a qualified actuary, who determined from actuarial tables that the value of the decedent's possibility of reverter at the date of his death was $183. 712.26. The witness testified that this was the amount which an insurance company would have charged for insuring such a risk.

We are of the opinion that this contention is not in accordance with the principle of the *Hallock* case. If it had not been that the decedent's widow had a life estate in the trust fund we think it clear that the value of the interest to be included in the decedent's gross estate would have been $478.866.27. the stipulated value of the trust assets in the hands of the trustee at the date of decedent's death. But the widow had in any event a life interest in the trust assets. She was to receive the income of the trust for her life. The value of such life interest of the widow must be computed upon an actuarial basis and the amount thereof deducted from the $478 866.27 in the determination of the value of the reversionary interest.

Since we are of the opinion that the value of the reversionary interest is includable in the decedent's gross estate under section 811 (c) of the Internal Revenue Code. it is unnecessary to consider the respondent's contention that the transfer is to be included in the gross estate under section 811 (d).

The remaining question for consideration is whether the estate is entitled to the deduction of the $750 per month which was paid by the estate for the support of the widow pursuant to a decree of the Probate Court. The evidence shows that this amount received by the

widow was actually expended by her for her support. The fact that the widow had income of her own and did not have to have the allowance made by the Probate Court is beside the question. See *Mary M. Buck et al.. Executors*, 25 B. T. A. 780; affirmed on this point (C. C. A.. 9th Cir.), 73 Fed. (2d) 760. This issue is decided in favor of the petitioner.

*Decisions will be entered under Rule 50.*