Estate of Florence Althea Gibb, Deceased, Althea Gibb Hunter, Malcolm DuBois Hunter and Charles S. McVeigh, as Executors, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 6947.   Promulgated May 20, 1946.

*Francis J. Rogers, Esq., Whitney N. Seymour, Esq.,* and *Richard D. Duncan, Esq.,* for the petitioners.

*James C. Maddox, Esq.,* for the respondent.

OPINION.

SMITH, *Judge*: The question presented by this proceeding is whether the value of the assets of a trust created by the decedent on March 10, 1930, is includible in her gross estate. The respondent contends that it is so includible by virtue of section 811, Internal Revenue Code, which provides in material part as follows:

SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, * * *

\* \* \* \* \* \* \*

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; * * *

No contention is made by the respondent that the transfer to trust on March 10, 1930, was in contemplation of death. The respondent does contend, however, that this transfer to trust was a testamentary disposition of a part of the decedent's gross estate and that it was intended to take effect in possession or enjoyment at or after death. He submits that the decedent retained the income from the property for her life and retained the ultimate disposition of the property to persons or institutions to be named by her in the residuary clause of her will.

The petitioners take the position that the decedent intended the transfer to trust on March 10, 1930, to be an absolute irrevocable transfer of all of her right, title, and interest to the trust property, save only that she was to have the income from the trust property for her life. In making this contention they rely upon certain statements made by the decedent after the trust was created that she had absolutely parted with all her interest in the property transferred to trust and had no power or control over it. They also submit that the provisions of the trust instrument providing that under certain conditions all or some of the trust assets were to pass according to the terms of the decedent's will were incorporated into the trust instrument by the decedent's attorney, and that they were merely for the purpose of providing against a remote contingency, which it was unbelievable on the part of the grantor would ever happen.

Although the provisions of the trust instrument adverted to above were incorporated in the deed of trust at the instigation of the decedent's attorney, we, nevertheless, think it is clear that the decedent was fully aware of the provisions of the trust instrument and, by executing the instrument, approved those provisions; in other words, we think that the intention of the grantor must be gathered from the words of the trust instrument.

In our opinion this case is ruled by *Fidelity-Philadelphia Trust Co. (Stinson Estate) v. Rothensies*, 324 U. S. 108. In that case the grantor

retained the right to appoint by will the recipients of the remainder interests in the event the remaindermen did not survive her, or in the event of failure of remaindermen after her death. The daughters were the holders of life estates, but if they did not survive the grantor or leave issue surviving, the grantor had the right to dispose of the property by will, which power, in such circumstances, the Supreme Court said constituted the string which held the corpus of the trust within the grantor's estate for Federal estate tax purposes. Substantially the same situation exists in the instant proceeding. By the trust instrument the grantor retained the right in certain contingencies to control the devolution of the trust property by her will. That right was cut off by her death.

The petitioners make much of the point that decedent's final will provided for the same disposition of the remainder interests as was contained in the trust instrument. But the fact remains that up to the date of her death she could have changed her will so as to provide that her residuary estate would go to different parties than those named in the trust instrument. This fact alone, we think, is sufficient to require the inclusion in the gross estate of the trust assets.

In the *Stinson* case the Supreme Court said:

> * * * Only at or after her death was it certain whether the property would be distributed under the power of appointment or as provided in the trust instrument. * * * The remainder interests of the descendants of the daughters were contingent upon their surviving both the decedent and the daughters and took effect in possession only after the death of the decedent. Thus until the moment of her death *or until an undetermined time thereafter* the decedent held a string or contingent power of appointment over the total corpus of the trust. The retention of such a string, which might have resulted in altering completely the plan contemplated by the trust instrument for the transmission of decedent's property, subjected the value of the entire corpus to estate tax liability.
>
> * * * It is enough if he [the grantor] *retains some contingent interest in the property until his death or thereafter*, delaying until then the ripening of full dominion over the property by the beneficiaries. * * * [Emphasis supplied.]

Cf. *Estate of Arthur Sinclair*, 6 T. C. 1080.

The petitioners make the further contention that, if any part of the trust assets is to be included in decedent's gross estate, the only part so includible is the value of the daughter's right to control the devolution of the trust property, which they submit was only $1,070.79.

A question similar to this was disposed of by the Supreme Court in the above cited *Stinson* case. In fact, that was the only question before the Supreme Court in that case. We hold that the respondent did not err in including the entire value of the trust assets in the gross estate.

*Decision will be entered under Rule 50.*